## NEWSOM & CO. v. T. R. BEARD.

1. PLEADINGS.—In a suit against a mortgagor of personal property and his vendees, claiming the mortgaged property to recover the debt secured, and to charge the vendees with the value of the property, a petition only alleging against the vendees that they "claimed" the property, and that they "had bought said property," and not alleging that they had taken possession of it, nor alleging any injury resulting from the acts of the vendees to plaintiff, is defective; and a general demurrer should have been sustained.

2. CHATTEL MORTGAGE.—See facts held insufficient to constitute a chattel mortgage.

APPEAL from Colorado.   Tried below before the Hon. Livingston Lindsay.

In 1872 T. R. Beard shipped to market a lot of hogs for one J. G. Burke.   Burke became indebted on account to Beard, and promised him that he would send another drove of hogs to market by Beard, and that he should have a lien on all his (Burke's) hogs for the debt.

Thereafter, in June, Burke, then owning sixty or seventy head of hogs in Colorado county, sent one J. B. Walker to Eagle Lake, with written authority to mortgage the hogs to any one who would advance $125 gold.   The loan was obtained from Beard, who at that time resided at Eagle Lake. Soon after the loan Beard moved to Harrisburg, in Harris county.   Six weeks after Beard's removal to Harrisburg he found, on the cars for Galveston, in charge of one Dunn, a drove of Burke's hogs.   Beard procured an attachment for the hogs, but by agreement with Dunn the hogs were taken to Galveston, and sold, and the money deposited with Lee, McBride & Co. until the ownership should be determined. Before the shipment, the hogs had been sold to Newsom & Co., Burke telling them that Beard once had a lien on them, but that it had been discharged.

Suit was brought by Beard on his account for $285 gold against Burke, and against Newsom & Co., vendees of the hogs.

Verdict was rendered for plaintiff, and judgment was rendered for the whole amount against all the defendants.

Other facts are given in the opinion.

Newsom & Co. appealed.

*Foard, Thompson & McCormick,* for appellants.

No brief for appellee came to the hands of the reporters.

IRELAND, ASSOCIATE JUSTICE.—There are no allegations in plaintiff's petition to justify a recovery against Newsom & Co. Plaintiff says that he "complains of J. R. Newsom, J. S. Bruce, and E. T. Newsom."

He then set out his cause of action against Burke. Then follows this allegation:

"Plaintiff avers that said Newsom & Co. now claim said hogs, which said claim, if any, accrued long after said hogs had been mortgaged by said Burke to this plaintiff, and plaintiff further avers that before said Newsom & Co. bought said hogs from said defendant Burke, he informed them that the defendant Burke had mortgaged said hogs to plaintiff for said sum of money, and he avers that said Newsom & Co. bought said hogs with full notice of plaintiff's lien; and that the said Newsom & Co. combined and confederated with the said Burke for the purpose of cheating and defrauding plaintiff out of his just debt."

Prayer is then made for citation to said defendant, and for judgment for said debt against said defendants, and for a decree directing said hogs to be sold according to law to satisfy said lien."

These are the only allegations in the petition touching appellants in any way. Burke does not appeal.

Defendants filed general and special demurrers. One of the special exceptions is as follows:

"The said petition does not state facts sufficient to render these defendants liable, and discloses no right of action against them."

We think it very clear that this exception should have been sustained. Burke made no defense. The allegations that Newsom & Co. "claimed" said hogs and that they had "bought said hogs" are not sufficient to charge Newsom & Co. There are no allegations in the petition that Newsom & Co. had taken possession of, or that they had converted said hogs to their own use, or that plaintiffs had suffered any loss by reason of anything that Newsom & Co. had done. Nor are these omissions supplied by anything appearing in the petition.

The exceptions to the petition were overruled, as appears from a bill of exceptions contained in the record. The court erred in overruling the exceptions to plaintiff's petition.

Nor do we think there is sufficient proof contained in the record to show that Burke had given plaintiff a mortgage on any hogs. It is true that in a certain class of cases equity will raise a lien; as for instance, where a man is put into possession of real estate, with an agreement that he is to make certain improvements or perform certain labor in or about said property, for which the owner was to give him a mortgage to secure him for said labor. In such a case equity would say that the tenant had a lien, whether the mortgage was executed or not. But we do not think that this principle can be extended to chattels, the number, kind, and value of which were not shown at the time, and which were in a different county, and were never in the possession of the creditor. A mere letter authorizing the bearer to execute a mortgage on certain hogs under the circumstances named could not be construed as a mortgage. (Mood's Appeal, 6 W. & S., 284.) The verdict of the jury was not warranted by the testimony or the charge of the court. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.