## PARLIN & ORENDORFF COMPANY v. R. L. MILLER ET AL.

Decided January 9, 1901.

**1.—Plea in Abatement Waived.**

A plea in abatement and demurrer asserting defendant's privilege to be sued in another county are waived when not presented at the first term of court, and no reason is shown for such failure.

**2.—Parties—Jurisdiction—Conversion of Mortgaged Property.**

In an action on a note secured by a chattel mortgage, parties who have, with notice, converted and disposed of the mortgaged property and rendered it inaccessible, may be joined as for conversion, although a foreclosure of the mortgage be impracticable.

**3.—Same—Principal and Agent—Tort—Election.**

Where plaintiff is entitled to sue both the principal and agent for a tort, he may sue both or either, and can not be required to elect which one he will proceed against.

**4.—Failure to Produce Books—Effect—Charge.**

A charge to the effect that a party's failure to produce his books of account in obedience to a subpoena duces tecum must be accepted as proof that, if produced, they would be adverse to his interest, is unwarranted and on the weight of evidence where there is testimony in the case tending to show a reasonable excuse for such failure.

**5.—Witness—Discrediting Not Allowed.**

Where it is not claimed that defendants were misled by their witness, or surprised at his testimony, they can not, with the view of discrediting him, read to him in the presence of the jury from his previous deposition in another proceeding, and ask him how he reconciles his testimony with the deposition.

**6.—Evidence—Admissions of Agency—Harmless Error.**

Error in admitting the declarations of one that he was acting as agent for defendant and of his failure to deny such agency when taxed with it, is harmless where there was other evidence sufficient to establish the agency.

**7.—Assignment of Error—Issue Not Raised.**

An assignment of error to the court's refusal of a charge that was erroneous does not raise the question of error in its failure to submit that issue in some form.

**8.—Agency—Proof of.**

As tending to proof that C. was defendant's agent in the matters in controversy, it was permissible for plaintiff to show that the affidavit to defendant's pleas in the case were signed and sworn to by C. as his agent.

**9.—Evidence—Practice—Depositions.**

Where defendant read in evidence against plaintiff an application by the latter for a continuance in order to retake certain depositions, it was not error to allow plaintiff to read in evidence certain explanatory exhibits attached to the application.

**10.—Verdict Construed.**

A verdict against a joint defendant, who was liable as for conversion of the mortgaged property, for the sum of $2500, the amount of the note secured by the mortgage, together with interest and attorney's fees, "provided the amount does not exceed $3000" (the value of the mortgaged property), does not deny any recovery at all where such total amount exceeds $3000, but merely limits the recovery to that sum.

Appeal from Gonzales. Tried below before Hon. M. Kennon.

*U. F. Short* and *Atkinson & Abernethy,* for appellant.

*Harwood & Walsh* and *Burgess & Hopkins,* for appellees.

JAMES, CHIEF JUSTICE.—This action was brought by R. L. Miller against O. B. Robertson upon a note, asserting a chattel mortgage lien on certain cattle. R. W. London and Parlin & Orendorff Company were joined as defendants on allegations substantially as follows: "That after due registration of plaintiff's mortgage in Gonzales County, the residence of Robertson, and where the cattle were, appellant, having obtained a judgment against him in Dallas County, caused an execution to be levied on the cattle and had them sold in Gonzales County, at which sale they were bid in by R. W. London for $100, the real value of the cattle being not less than $3500. That actual notice of plaintiff's lien was given at and before the sale, and they were by the sheriff sold subject to the mortgage. That they were delivered by the sheriff to London, who

removed them from the county and sold, disposed of, and converted them to his own use, and placed them beyond the jurisdiction of the court. That he unlawfully converted the cattle to his own use and benefit, with notice of plaintiff's lien.

"That in all the acts and doing of the said London hereinbefore set out, he was the agent in fact for the said Parlin & Orendorff Company, and that the said company are the real purchasers of the said cattle, and in all ways liable for the said acts of the said London as fully set forth herein; and that by reason thereof, they in law became liable, upon the maturity of the said note, to pay this plaintiff the amount of his said note, interest, and all costs; and they, having failed and refused to tender the same since the maturity of said note to this plaintiff, are also liable to him for the 10 per cent collection fees upon the principal and interest of the said note, it having been placed in the hands of attorneys for collection as hereinbefore set out, which amount is a reasonable charge, and that charged by said attorneys for said collection—all of which the said Parlin & Orendorff Company have failed and refused to do, or any part thereof, to this plaintiff's damage in the sum of $3000.

"Premises considered, plaintiff prays that all of said parties be cited to answer this petition; and upon hearing hereof he have judgment against said O. B. Robertson for said note, interest and said 10 per cent collection fees; against all of the parties establishing and foreclosing said mortgage lien on said personal property; against said London for all said sums also. And in case it be shown that he was the agent for the said Parlin & Orendorff Company, then against the said company for all said sums, instead of the said R. W. London, and for all costs against each party, and for all orders and decrees as he may be entitled to either in law or in equity, and as in duty bound will ever pray, etc."

The pleadings of appellant will be noticed, where necessary, in connection with its various assignments.

The judgment was in favor of plaintiff against Robertson according to the terms of the note; in favor of London, and against Parlin & Orendorff Company for $3000. Parlin & Orendorff Company alone appeal.

The facts and circumstances in evidence admit of what the jury must have found, viz., that London acted in the matter of purchasing and disposing of the cattle on behalf of and as the agent of Parlin & Orendorff Company.

The first and fourth assignments of error, briefly stated, are that the court erred in overruling appellant's plea that it was entitled to be sued in Dallas County on the cause of action as stated in the petition. Besides the plea, there was an exception to the petition on this ground. The plea and demurrer were filed January 2, 1899, and were not passed on at that term of the court, and there is nothing in this record to show that appellant sought to have them acted upon at that time, or any reason why they were not in law waived by this failure. On August 3, 1899, plaintiff excepted to this plea, among various reasons, upon the

ground that the plea should have been presented at the former term, and they were sustained. The court did not err in so ruling.

The fifth and sixth assignments embody the contention that the court erred in holding on plea and demurrer that there was not a misjoinder of causes of action, in this, that Robertson was sued upon a note upon which he alone was charged to be liable, and appellants and London were sued in tort for the conversion of certain property for which Robertson was in no way responsible. There could not well be any question that appellants and London would have been proper parties, in fact necessary parties, to a foreclosure of plaintiff's lien, if the mortgaged property appeared to be in their possession. The difficulty presented is the effect of the allegation and the fact that they had converted and disposed of the property and the same had been rendered inaccessible, which is probably the intendment of the allegation that the cattle had been placed beyond the jurisdiction of the court. Foreclosure upon personal property not accessible nor in existence, would be impracticable. It is, however, only through proceedings to enforce the lien that plaintiff would have the right to join appellants in the action upon the note. As an actual foreclosure sale of the property was, upon plaintiff's averments, out of the question, there is some force in appellant's claim that plaintiff's cause of action against it is solely for conversion, and distinct from the debt. But properly considered appellant's liability is not distinct from the debt, but depends upon and grows out of it. It is only by reason of the debt that the mortgagee can pursue the purchaser of mortgaged property. Such a purchaser with notice who destroys the subject of a mortgage, becomes liable to the mortgagee for the value of the property to the extent of the debt. Looking at the substance, instead of form, the consequence of such an act is to make him liable for the debt pro tanto. The authorities agree with the view of the trial judge, viz., that appellant was properly joined. Templeman v. Gresham, 61 Texas, 50; Taylor v. Felder, 5 Texas Civ. App., 417. See also Newman v. Beard, 45 Texas, 151.

The third and twelfth assignments will be disposed of by saying that where a party is entitled to sue both principal and agent for a tort committed, he may sue both or either, and can not be required to elect which one he shall prosecute his suit against; and he is not, by suing one, precluded thereby from afterwards joining the other.

We regard the thirteenth and fourteenth assignments as wholly without force. Our conclusions of fact dispose of the seventeenth and twenty-eighth. The nineteenth assignment complains of the refusal of this charge: "It devolves upon the plaintiff to prove the existence of his debt at the time of the execution of the mortgage, and it is the duty of the plaintiff, in obedience to the subpoena duces tecum served on him, to produce his books of accounts in which he has testified that all the items constituting his debt against the defendant O. B. Robertson are kept; and his failure and refusal to produce said books in obedience to said subpoena must be accepted by the jury as proof that the said books

of accounts, if furnished, would be adverse to the interest of the plaintiff." Plaintiff testified in explanation of his not having with him the books, among other things, to the fact that he lived at Waelder, eighteen miles away, and was served with the subpoena after leaving there and while at Gonzales attending this trial, and apparently not under circumstances which enabled him to have the books with him. In view of testimony of this kind, the instruction would clearly not have submitted the proper question to the jury, and would have been on the weight of evidence. The charge of the court covered the substance of the first clause of this instruction.

There was no error in what is embodied in the twenty-fifth asignment, nor in the seventeenth assignment, In regard to the latter, the court properly refused to allow defendant to use depositions of a witness taken in a different proceeding. The witness was placed on the stand in the present case by defendant, and the previous deposition of this witness was sought to be used by reading same to him for the purpose of asking him how he reconciled his testimony with said depositions. We understand that defendant's counsel sought to read them in the hearing of the jury, with a view to discrediting the witness' testimony. The bill of exceptions shows that there was no contention by defendant that they had been misled by him as to what his testimoiy would be, nor that they had been surprised thereby. We think it quite clear that the situation was not such as made an exception to the ordinary rule in such cases.

The seventh assignment asserts that the petition does not charge that appellant purchased the cattle, or sold them, or received the proceeds arising therefrom. The eighth and ninth clauses of the petition state a case as fully against appellant as against London. The proposition advanced by appellant under this assignment does not seem to be germane to it, nor to have application to the facts of this case, when something more was done than to purchase the cattle at sheriff's sale.

The tenth assignment is that the court erred in permitting F. M. Fly, the deputy sheriff who made the sale, to testify that he afterwards accused London of representing appellant in this transaction, and that London did not deny it. The grounds of the assignment are that there was no evidence in the case showing or tending to show that London represented appellant, and appellant is not bound and should not be affected by the failure of London to confess or deny the accusation, and the testimony was calculated to prejudice appellant's case. There was other testimony sufficient to establish London's agency. In view of this (Loeb v. Crow, 15 Texas Civil Appeals, 537), and in view of the court's having instructed the jury, in determining whether or not he was the agent of appellant, not to consider any statement or declaration of his, we overrule the assignment. These remarks apply also to the Twenty-fourth assignment. The instruction just referred to is attacked by the fifteenth assignment because, as it alleges, there is nothing to show that London had made any statement or declaration as to his agency, and it

tended to induce the jury to believe that from the facts in evidence the court was of opinion that London was acting in the matter as defendant's agent; and was on the weight of evidence in assuming that there were not only declarations by London on the subject, but proof of agency outside of such declarations, of which there was none. There was, we find, other proof of agency, and the vices charged to this instruction we regard as groundless from any reasonable point of view. The court had a right to proceed upon the theory that there was other testimony tending to show agency, so long as it did not undertake to pass on such testimony. There is nothing whatever in the instruction indicating the judge's views of the testimony; nor could the jury have failed to understand that the instruction, in its reference to statements and declarations, included the implied admission which the testimony of F. M. Fly tended to prove.

The eighth assignment complains of the following charge: "Although the jury should find and believe that the said defendant Robertson was indebted to the plaintiff at the time he executed the mortgage upon the cattle in controversy in the sum of money mentioned in said mortgage, or a greater sum, yet if they believe that said mortgage was executed by the said Robertson for the purpose of hindering, delaying, and defrauding his other creditors and of defeating them in the collection of their debts, and the said purpose of the said Robertson to defeat and defraud his creditors was known to the plaintiff at the time he accepted the same, and that the said plaintiff accepted said mortgage for the purpose of aiding the said Robertson in his fraudulent purpose and design, then they will find their verdict for the defendant."

There is no statement in appellant's brief under this assignment. The assignment itself refers to certain testimony as supporting the issue indicated in the charge, but appellant does not undertake to refer to the places in the record where such testimony may be found. We consider defendant's answer as pleading the matter referred to in this instruction, and although the charge itself was erroneous (Bruce v. Koch, 94 Texas, 192, 59 Southwestern Reporter, 540), it might have been regarded as a request for the submission of the issue, and it may have been the duty of the court, in view of such request, to have submitted it by a proper charge. But we are confined to the assignment, and the assignment is that the court erred in refusing the charge asked, not that, if it be erroneous, the court erred in not submitting the issue in some form. The authority just cited decides that the charge was erroneous and that its refusal was proper. Although this is sufficient, we shall add that we have examined the evidence that appellant relies on to show a fraudulent purpose of plaintiff in taking this mortgage, and we believe it is wholly insufficient to show such a purpose in this transaction. Fraud must be proved, and the rule, as generally stated, is that it must be clearly proved; and the facts and circumstances relied on must, we think, be substantial, and relevant to the transaction in question, and the judge

should refuse to submit such issue if the testimony is wanting in these respects.

The twenty-third assignment relates to the court's permitting plaintiff, in proving the agency of T. J. Clark for appellant and the extent thereof, to show from the plea to the jurisdiction in this case that he, for appellant, had signed and sworn to such plea. There was evidence to show that appellant had its headquarters at Dallas, with William M. Robinson as its general manager for Texas, and that when this officer was absent, his duties devolved on Clark, who kept appellant's books. Also that at the time of the wreck by which the cattle were injured, Robinson was absent, and Clark adjusted and settled the damages with the claim agent of the railway company. These facts were testified to by Clark and by Galbraith, the claim agent. We fail to see any error in admitting proof of the fact that Clark acted for appellant in making affidavits to its pleas in this case, as bearing on the scope of Clark's agency. The pleas were signed and sworn to by him as appellant's agent, and appellants prosecuted the pleas through its counsel. The testimony had a tendency to prove that Clark's powers were not confined to bookkeeping.

The twenty-sixth assignment presents nothing that should reverse the judgment. Appellants, it appears, offered in evidence an application made by plaintiff for a continuance, which had been made for the purpose of getting an opportunity to retake the depositions of London and Galbraith, who were therein alleged to be adverse and unwilling witnesses, and had not fully answered the questions propounded to them, which application was supported as to facts by letters of the notary who had taken the depositions. It appears from the bill of exceptions that defendant read as evidence the application without the exhibits, and the court held that plaintiff was entitled, under the circumstances, to have the exhibits read also. We think this was not error.

The verdict was as follows: "We the jury find a verdict in favor of R. L. Miller against O. B. Robertson for the sum of $2500, with 8 per cent per annum interest from the 1st day of October, 1897, until paid, and 10 per cent interest on principal and interest as attorney's fees. And we further find a verdict in favor of R. W. London, and find a verdict for the plaintiff, R. L. Miller, against the defendant the Parlin & Orendorff Company, for the sum of $2500, with 8 per cent interest per anuum from the 1st day of October, 1897, until paid, and an additional 10 per cent on principal and interest, less $120, provided this amount does not exceed $3000, the value of the cattle."

It is contended by the twenty-ninth assignment that the meaning of this verdict was that if the amount as found exceeded $3000 (which a computation shows is the case), the jury did not intend to find against this defendant at all. This is the substance of the assignment, which is the only proposition made, and we do not hesitate to construe the verdict to mean that the recovery against appellant should be $3000, the value of the cattle, if the sums named amounted to more. There was

testimony to support the finding that the cattle were worth $3000. This disposes of the twenty-ninth and thirtieth assignments. There is nothing in the thirty-first assignment of error of which appellant can complain. The judgment is affirmed.

*Affirmed.*

Writ of error refused.