## ACME CEMENT PLASTER CO. v. KEYS.
### (No. 610.)

(Court of Civil Appeals of Texas. Amarillo. May 9, 1914.)

1. INJUNCTION    (§ 118*)—PETITION—SERVICE
   OF PROCESS.

Where a petition in a suit to enjoin trespasses alleged that the residence of defendant, who was not alleged to be a corporation, was unknown, but that he had agents and employés residing in the county upon whom process might be served, and the agents and employés were not made parties, an injunction was properly refused because of the failure of the petition to show parties and facts over which the court could exercise jurisdiction, since defendant could not be brought into court by the service of process on his agents, nor enjoined by service on them.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

2. INJUNCTION (§ 114*)—PERSONS WHO MAY BE ENJOINED — NECESSITY OF JOINING AS PARTIES.

In a suit for an injunction, defendant's agents and employés could not be enjoined, unless made parties by the petition.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 202–220; Dec. Dig. § 114.*]

3. DISMISSAL AND NONSUIT (§ 26*) — NON-RESIDENT DEFENDANTS—PROCESS—FAILURE TO SERVE.

On a bill to enjoin tort-feasors, when one of the defendants resides beyond the jurisdiction of the court, and has not been served with process, the suit may be dismissed as to him and proceed as to the other.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 46, 48–59; Dec. Dig. § 26.*]

Appeal from District Court, Hardeman County; J. A. Nabers, Judge.

Action by the Acme Cement Plaster Company against John C. Keys. From an order refusing an injunction, plaintiff appeals. Affirmed.

Decker & Clarke, of Quanah, for appellant.

HUFF, C. J. [1] This is an appeal from an order refusing an injunction, and a companion case to the case of Acme Cement Plaster Co. v. American Cement Plaster Co., 167 S. W. 183, No. 609 in this court. The cause of action alleged is substantially the same as that alleged in No. 609. The appellant alleged:

"The Acme Cement Plaster Company, plaintiff, complaining of John C. Keys, defendant, represents that plaintiff is a corporation chartered under the laws of the state of Illinois, and has a permit to do business in Texas, and that the residence of defendant is unknown, but that he has agents and employés residing in Hardeman county, Tex., upon whom process may be served."

The general allegation is that the defendant and his agents and employés, over the protest of plaintiff, committed the trespasses therein complained of.

[2, 3] Appellant appears to have sought jurisdiction over Keys by alleging he has agents in Hardeman county. He is not alleged to be a corporation; therefore service must be had on him in person. The agents are not named in the petition. It is alleged that Keys and his agents were at that time committing the trespasses. Keys was not a resident of the county, and presumably not in the county, and personally he could not be guilty of the act. The agents were not made parties, and hence could not be enjoined. The citation could not be served on them and thereby bring Keys into court. We know of no statute which authorized the writ of injunction to be served on the agent. The agents could not be a party, unless made so by the petition, and could not be included in the injunction writ. Fellows v. Fellows, 4 Johns. Ch. (N. Y.) 25; Scott v. Donald, 165 U. S. 107, 17 Sup. Ct. 262, 41 L. Ed. 648. If Keys, through his employés, was trespassing on the land of appellant, then they should have been joined as parties defendant, and the writ issued against them. Parlin v. Miller, 25 Tex. Civ. App. 190, 60 S. W. 881; Kirkpatrick v. Bank, 148 S. W. 362. On the bill to enjoin tort-feasors when one of the defendants resides beyond the jurisdiction of the court, and has not been served with process, the suit may be dismissed as to him, and proceed as to the other. High on Injunctions, § 1564. So, where there are persons whose interests are affected, they should be made parties, but, if they cannot be reached by process of the court, the bill should be dismissed, unless it can be prosecuted alone against the other defendants. Minnesota v. Northern Securities Co., 184 U. S. 199, 22 Sup. Ct. 308, 46 L. Ed. 499. If Keys was out of the state, it is very questionable whether the court could exercise jurisdiction over him by writ, or, if it was served, enforce it. The petition wholly fails to show such parties and facts over which the court could exercise jurisdiction. We think, under the pleadings presented, the district judge properly refused to grant the injunction.

The case is affirmed.