## SCOTT v. CASSIDY SOUTHWESTERN COMMISSION CO. (No. 6751.)

(Court of Civil Appeals of Texas. San Antonio. May 3, 1922.)

**1. Partnership ⬉9(1) — Agreement to feed cattle for share in net profits held not one of partnership.**

The fact that one of defendants undertook to ˙feed cattle for their owners in consideration of an agreement to share in the net profits, if any, from their ultimate sale, did not make him a partner with the owners, who mortgaged the cattle to plaintiff.

**2. Chattel mortgages ⬉170(1)—Facts held to show conversion of mortgaged cattle.**

Where defendant, agreeing to feed cattle and share in the net profits, knew they were mortgaged to plaintiff, the mortgage being of record, and providing against their removal from the county without the mortgagee's consent, removed them without such consent, it constituted conversion of the cattle.

**3. Venue ⬉22(1)—One defendant held not entitled to· change where other defendant resided in county of venue.**

Where chattel ˌmortgagee of cattle sued mortgagors on note, and another for conversion of the cattle, held that, where one of the defendants resides in the county of venue, another residing in a different county may not obtain a change.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by the Cassidy Southwestern Commission Company against S. L. Scott and

others, and from the overruling of a plea of privilege of the defendant Scott to be sued in Archer county, his domicile, he appeals. Judgment affirmed.

Miller & Miller, of Fort Worth, for appellant.

Bryan, Stone & Wade and B. L. Agerton, all of Fort Worth, for appellee.

SMITH, J. S. B. Cook and Dan S. Bellows, a partnership, executed a note to the Cassidy Southwestern Commission Company, together with a chattel mortgage upon 123 cattle in Young county, to secure the note. Shortly afterwards, Cook, for the partnership, made a trade wtih S. L. Scott, by the terms of which the latter agreed to pasture and feed the cattle on his ranch in Archer county. In this trade the value of the cattle was fixed at $95 each on 100 head, and $90 each on 23 head, it being agreed as compensation for pasturing them that Scott was to receive half of the proceeds from the ultimate sale of the cattle after deducting the agreed value and the cost of extra feed from the sale price. Scott then moved the cattle from Young to Archer county, and later on shipped them to the commission company for sale. The latter, without knowledge of the identity of the cattle, sold them, and forwarded the proceeds to Scott, who paid the same over to Cook, after deducting his share of the net profits as agreed upon. Cook and Bellows paid a part of the commission company's note, leaving a balance due thereon of $4,277.07. The Company sued Cook, Bellows and Scott in the district court of Tarrant county for this balance, and the latter filed a plea of privilege to be sued in Archer county, his domicile. This plea was controverted, but upon a hearing the court overruled it, and Scott has appealed from this order.

The commission company is domiciled in Tarrant county, in which county the note sued on was payable; Cook resides in Clay county; Bellows in Tarrant; and Scott in Archer. It is contended by appellee that his relation to Cook and Bellows made Scott a partner with them, and placed him in the attitude of assuming to pay the note sued on, and that because he converted the cattle and destroyed the security for the note he became liable therefor, and that accordingly he is a proper party defendant, and suable in Tarrant county, where the note was payable and Bellows, one of the defendants, resides. This statement presents all the issues involved in the appeal.

[1] We do not think that under the facts as stated Scott at any time was a partner with Cook and Bellows. He had no interest whatever in the cattle at the time they were mortgaged, and the note was executed, and if he had subsequently purchased a definite interest in them and entered into definite partnership relations with Cook and Bellows, we doubt if such cause would have resulted in his assumption of the payment of the note in the absence of a written obligation to that effect, although his purchase would not have affected appellee's lien. But he did not purchase any interest in the cattle, and the fact that he undertook to feed them for their owners in consideration of an agreement to share in the net profits, if any, from their ultimate sale, did not make him a partner of the owners. Buzard v. Bank, 67 Tex. 83, 2 S. W. 54, 60 Am. Rep. 7.

[2] The facts alleged clearly present a case of conversion of the cattle by Scott. He knew they were mortgaged to appellee. The mortgage, which was of record, provided against their removal from Young county without the consent of the mortgagee, and he was of course charged with notice of this provision. It is not claimed that the mortgagee consented to their removal, and the fact, alleged by Scott, that he removed the cattle with the knowledge and consent of the mortgagor, had no bearing on the case, and did not warrant Scott's act.

[3] The real question in the case is whether or not Scott's act in converting the cattle is such as to confer venue of him in Tarrant county. Ordinarily, a suit for conversion may be brought in the county where the conversion occurred, which in this case was Young county, or, of course, in the county where the offender resides, which in the case of Scott was Archer county. Appellee, then, must look further to the statute for an exception which will deprive Scott of his privilege to be used in the county of his residence. The conversion, as stated, occurred in Young county, but the suit was not brought there, as it could have been. The note in question was payable in Tarrant county, where venue in a suit thereon was properly laid, but Scott was not liable on the note, and that exception is not available to appellee. Appellee, then, is relegated to the exception which permits a suit against several defendants to be brought in the county of the residence of either. Bellows, one of the defendants, resides in Tarrant county, where the suit was in fact brought. So, if it appears that Scott is a proper party defendant in this peculiar action, venue was properly laid in Tarrant county.

In our consideration of this phase of the case, it has been difficult for the writer to avoid a conviction that the suit on the note in question is so foreign to the nature of a suit based on a conversion of property, which happened at the time of conversion to be covered by a lien to secure payment of the note, that the two actions ought not to be joined in one suit. But whatever doubt we may entertain in the matter must yield to the decision of the question by the Supreme Court, wherein it seems to be definite-

ly held that the two actions, arising as they do out of the same transaction, may be joined in one suit. Cobb v. Barber, 92 Tex. 309, 47 S. W. 963; Cardwell v. Masterson, 27 Tex. Civ. App. 591, 66 S. W. 1121; Parlin, etc., v. Miller, 25 Tex. Civ. App. 190, 60 S. W. 881. So, as Scott was a proper party defendant, and one of the other defendants resides in Tarrant county, venue as to both said defendants is in the latter county.

The judgment is affirmed.