MODEL BAKING CO. v. DITTMAN.*
(No. 7212.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 5, 1924. Rehearing Denied Dec. 10, 1924.)

1. Assignments ⬅=18—Executory contract, not necessarily personal, assignable if capable of execution by assignee consistently with adverse party's interests.

Executory contract, not necessarily personal, which can be sufficiently executed by assignee, consistently with adverse party's rights and interests, is assignable, in absence of stipulation to contrary.

2. Assignments ⬅=19—Contract calling for personal services or creating personal credit, confidence, and trust, not assignable.

Contract calling for personal services, creating relationships of personal credit, confidence, and trust, or requiring exercise of knowledge, skill, or taste peculiar to either party, is not assignable.

3. Pleading ⬅=34(3)—Allegations of petition liberally construed in pleader's favor on demurrer.

Allegations of petition must be liberally construed in pleader's favor as against demurrers.

4. Assignments ⬅=19—Contract with firm to install bake oven held not personal service contract not assignable by nominal partner on withdrawal from firm.

Contract to construct bake oven for firm, assets of which were owned by, and under exclusive management and control of, one partner, though fourth of net profits was paid to copartner for his services, held not personal service contract, not assignable by copartner to controlling partner on former's withdrawal.

5. Assignments ⬅=19—Assignment, not changing ownership, control, or management of assignor's business, does not relieve other party from contractual obligations.

Rule against assignment of personal service contracts does not apply to merely nominal owners or officials of parties bound, nor employees without control over business or voice in its management, and assignment of such contract without change of ownership, control, or management does not relieve other party from his obligations.

On Motion for Rehearing.

6. Appeal and error ⬅=387(3)—Filing appeal bond within 20 days after overruling motion for new trial and second notice of appeal, held in time.

Appellant's appeal bond filed more than 20 days after judgment and first notice of appeal, but within 20 days of overruling of motion for new trial and giving of second notice was in time.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the Model Baking Company against Carl Dittman. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellant.

Denman, Franklin & McGown, of San Antonio, for appellee.

SMITH, J. It was alleged in the petition of the plaintiff below that, at the inception of the transaction in controversy, Charles P. and Paul E. Steffler were engaged in the bakery business, as partners, under the trade name of Model Baking Company. It was further alleged, however, that the business assets of the concern were owned by Charles Steffler, and were under his exclusive management and control, although the net profits of the business were distributed one-fourth to Paul, and the remaining three-fourths to Charles.

The firm, as such, entered into a written contract with Carl Dittman, a bake oven builder, who, for a cash consideration of $1,200, obligated himself to construct an oven for the firm at their plant in San Antonio, the latter to furnish the materials and Dittman to furnish the labor. Dittman proceeded under the contract and constructed the oven, which was accepted and the contract price paid over. The contract was silent as to its assignability but contained a stipulation that:

"Carl Dittman agrees to guarantee this oven for a period of five years against defect of any kind, and repair the same free of cost to the Model Baking Company."

It was alleged by Steffler in his trial petition that a short time after the completion and acceptance of the oven the partnership was "dissolved," Paul Steffler withdrawing from the firm and assigning his interest in the business, "including the cause of action here now asserted," to Charles. The latter continued to operate the business under the original trade-name and subsequently brought this suit, alleging that the oven was not properly constructed, had proven defective, and by reason thereof had fallen to pieces; that Dittman, although given notice of such defects and disintegration, had failed and refused to repair the oven as he had contracted to do. It was further alleged that the oven was constructed in accordance with specifications peculiarly Dittman's, and could not be repaired or restored by other concerns, which, upon Dittman's refusal to repair, ne-

⬅=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted January 28, 1925.

cessitated the dismantlement of the old and the construction of an entirely new oven. The suit was for damages alleged to have been sustained by Steffler on account of the breach of the contract and of the warranties therein. The court sustained a general demurrer and special exceptions to Steffler's petition, upon the ground that the contract was of a personal nature, involving personal trust and confidence, and was therefore not assignable; and upon the further ground that Dittman's obligation in the contract was in the nature of a special guaranty, intended only for the two Stefflers, as partners, and when one partner assigned the contract to the other, Dittman was thereby released from his obligation. When these exceptions were sustained, Steffler declined to amend, and the court dismissed the suit. Steffler has appealed under his trade-name. Appellant has considerately confined his brief to three propositions of law, which may be grouped into one and so discussed.

[1] The general rule is that an executory contract, not necessarily personal in its character, which can, consistently with the rights and interests of the adverse party, be sufficiently executed by the assignee, is assignable in the absence of any stipulation in the contract to the contrary.

[2] But if the contract be personal in its character and calls for the personal services of either party, or creates relationships of personal credit, confidence, and trust, or requires the exercise of knowledge, skill, or taste peculiar to either party, then such contract is not assignable. This is the settled rule, which appellant does not challenge here. Appellant rests his case upon the contention that the allegations in the stricken pleadings do not bring the case within the latter category, but we need not decide the particular question, since the judgment must be reversed upon another ground.

[3, 4] Under the allegations in the petition of the plaintiff below, which must be liberally construed in favor of the pleader as against demurrers, we do not think the contract may be construed into a personal service contract between Dittman of the one part, and Paul, as well as Charles Steffler, of the other. At best, under those allegations, Paul was no .more than a nominal partner in the baking concern. He owned none of the assets of the business; had no voice in its management or control. It may be inferred from the petition that he was merely an employee, who happened to be paid a certain per cent. of the net profits instead of a salary for his services. It is doubtful if these facts constituted the Stefflers as partners at all. Scott

v. Cassidy, etc. (Tex. Civ. App.) 240 S. W. 1041. It is averred in the stricken pleading, that Dittman was fully aware of Paul's relation to the business when he made the contract.

[5] We do not think the rule against assignment of personal service contracts contemplates, or should be extended to include, merely nominal owners or officials of the parties bound, or employees who have no power or control over the business, or voice in its management. And where such contracts are made and afterwards assigned, if the assignment does not change the ownership, or control, or management, but leaves them in precisely the same hands they were in prior to the assignment, the other party should not be permitted to defeat the purposes of the pact and escape his solemn obligations simply because a technical, but ineffectual, assignment has been made.

Technically, the contract was assigned, but practically it was not. Technically, the new concern was a distinct legal entity from the old, but to all practical intents and purposes it was the same concern. There was no actual substitution of parties, according to the stricken pleadings. It was therefore error to sustain the exceptions to those pleadings.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

[6] The judgment appealed from was rendered in the court below on January 21, 1924, at which time appellant gave the usual formal notice of appeal. More than two days later, on January 26, 1924, appellant filed a motion for new trial, which was considered and overruled by the court on January 28, 1924, when appellant again gave formal notice of appeal. The case was one in which the statute required that the appeal bond be filed in the trial court within 20 days after the giving of notice of appeal. Appellant filed its appeal bond on February 13, 1924, which was more than 20 days after the rendition of the judgment appealed from and the giving of the first notice of appeal, but within 20 days of the overruling of the motion for new trial and the giving of the second notice of appeal.

When the cause was submitted in this court, appellee filed and urged a motion to dismiss the appeal, upon the ground that the appeal bond was filed too late to be effectual, but the motion was overruled without comment by this court. At the instance of appellee we find the foregoing facts.

Appellee's motion for rehearing, however, will be overruled.