## ANDERSON–BERNEY REALTY CO. v. SORIA. *

### No. 12442.

Court of Civil Appeals of Texas. Fort Worth.
March 14, 1931.

Rehearing Denied April 18, 1931.

Bryan, Stone, Wade & Agerton, of Fort Worth, for appellant.

McLean, Scott & Sayers and Levy & Evans, all of Fort Worth, for appellee.

BUCK, J.

This is a suit filed by Plasida Soria against the Anderson-Berney Realty Company and the Employers' Liability Assurance Corporation, Limited. Plaintiff alleged that she was the surviving widow of Victoriano Soria, who met his death from injuries sustained on February 23, 1929, during his employment and while he was performing the duties of his employment for the Anderson-Berney Realty Company as "straw boss" or foreman of a group of employees of said Realty Company, and as night watchman for said company; that at the time of said employment said Realty Company was a subscriber to the workmen's compensation liability insurance, and had met all the requirements placed on said company by law, and was in every way eligible to carry compensation insurance, employing regularly at all times referred to herein more than three employees; that defendant, realty company, furnished the deceased a house located on the premises to live in, where work was being done, for the purpose

*Writ of error granted.

of watching the property and tools of defendant during the nighttime; that deceased had been so employed for more than a year next preceding February 23, 1929, at which time he sustained injuries which caused his death; that on said last named date, while engaged in the course of his employment as night watchman, and some time between the hours of 8 p. m. and daylight the next morning, he was attacked by some person whose identity was unknown, and such person inflicted injuries on Soria by striking him with a hatchet or hammer or other instrument about the face and head, thereby wounding him, and that he died therefrom on February 25, 1929; that prior to the employment of plaintiff's husband the defendant insurance company had issued to the defendant Realty Company Employers' Life Insurance, and that said realty company was a subscriber to the workmen's compensation insurance carried with the defendant insurance company; that by the terms of said policy of insurance it was provided that, if any of the employees of said realty company met his death from injuries received while engaged in the course of his employment, said insurance company would pay, and thereby become liable to pay, and agreed to pay, the surviving widow of such employee an amount equal to 60 per cent. of said employee's average weekly wage, not to exceed $20 per week for a total period of 360 weeks, and agreed to pay the legal beneficiaries of Victoriano Soria the said amount.

Plaintiff further alleged that she was the surviving legal beneficiary of the deceased, and was entitled to the full amount of compensation due such beneficiary.

After the filing of the suit, it was apparently discovered that the defendant, realty company, had allowed its compensation insurance policy to lapse, and that at the time of Soria's death it had no such policy. Therefore the insurance company was dismissed with its costs from the case, and the trial proceeded as between the plaintiff and the realty company.

During the trial Mr. B. L. Agerton, counsel for the defendant, entered into this agreement in the record:

"It is agreed that if any liability exists under the evidence in this case and under the finding of the jury, then that when the court comes to the ascertaining of the amount of liability, the same shall be fixed at $3073.26.

"It is agreed for the purpose of this trial, that the average weekly wages of the deceased Soria was twenty-one dollars per week. The defendant agrees without waiving its rights to insist that no issue whatever should be submitted to the jury, but that this is a case in which a verdict in its favor should be instructed by the court, that it will take no exception to the failure of the court to submit to the jury any issue bearing upon

the matter of a lump sum settlement, or the amount thereof; but that the matter of awarding a sum in a lump amount may be determined by the court, and that for the purpose of calculating such amount, should it become necessary under whatever verdict may be rendered herein, the standard discount tables used by the Industrial Accident Board of the State of Texas may be used and the amount thereof arrived at therefrom by the court."

Plaintiff alleged that, at the time of her husband's employment by the defendant company, said defendant company was insured in the Employers' Life Assurance Corporation, Limited, and that by the terms of said insurance policy said beneficiary of an employee, if said employee should be killed while in the performance of any of his duties, would be entitled to the compensation provided; that since there was an agreement between the defendant, realty company, and the deceased that the deceased, or his beneficiary, should receive compensation if he should be injured or killed while in the course of his employment, and since the defendant, realty company, had not notified him by filing a notice with the Industrial Accident Board, and posting three printed notices in "public places around such subscriber's plant" that he was no longer carrying insurance, it must be conclusively presumed that Soria had notice and knowledge of the fact that said subscriber had theretofore made provision with the association for the payment of compensation under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.), and that such relationship and provision continued until Soria's death; that therefore, since by the contract of employment compensation was payable to the plaintiff beneficiary upon the death of her husband during the course of his employment, and the defendant, realty company, had not notified said employee by a compliance with section 20 of article 8308 that he no longer was a subscriber, he was bound and obligated to pay to said beneficiary the amount which would be due from the insurance company.

The evidence tends to show without contradiction that the deceased was killed while in the house provided for his occupancy by the realty company, by some one unknown. The evidence further shows that he was employed as a night watchman over the tools of the realty company, and his only duties were to sleep in the house and look after the tools under his charge.

The cause was submitted to a jury upon special issues, which will be hereinafter noted, together with their answers:

"1. At the time of the injuries which caused Victoriano Soria's death, was he engaged as a night watchman by the defendant? Answer: Yes.

"2. If you have answered Issue No. 1 "No', then you need not answer any further questions, but if 'yes', then answer: At the time of the injuries which caused the death of the said Soria, was he acting in the performance of his duties as night watchman, if you have so found, for the defendant? Answer: Yes.

"3. If you have answered No. 2 'No', do not answer any further questions, but if 'Yes' then answer: Prior to the injuries to the said Soria which led to his death, did he know that the defendant had ceased to be a subscriber to the workmen's compensation insurance? Answer: No.

"4. Prior to the injuries to the said Soria which led to his death, had notices to the effect that the defendant had ceased to be a subscriber to workmen's compensation insurance been posted in three public places around the defendant's premises where Soria, the deceased, was working? Answer: No.

"5. Where the injuries sustained by the deceased Soria on the night of February 23, 1929, caused by an act of some other person with an intention of injuring said Soria because of motives personal to such other person and not directed against Soria in connection with his employment by or with this defendant? Answer: No."

The court rendered judgment in accordance with the agreement heretofore noted, awarding to plaintiff a lump sum settlement of $3,073.26, together with interest thereon from the date of the trial and all costs of suit, except the costs which were therefore taxed and adjudged against the plaintiff. From this judgment defendant has appealed.

#### Opinion.

In view of the agreement heretofore recited of Mr. Agerton for defendant, it will not be necessary for us to discuss the evidence pertaining to several matters, such as to the marriage of plaintiff with the deceased; the fact that she was sick at the time of defendant's death, and therefore objection was made to holding the funeral of deceased at her home; and that there were two children born to her and the deceased, both of whom had previously died; and that she was at the time of the trial sick and in a position to demand and require a lump sum settlement, etc.

Article 8308, § 18a, provides that a subscriber under the Workmen's Compensation Law shall immediately notify the parties of the fact that he is a subscriber, stating in such notice his name, place of business, character of business, the approximate number of employees, estimated amount of pay roll, etc.

Sections 19 and 20 of the same article read:

"19. Every subscriber shall, as soon as he secures a policy, give notice in writing or print, or in such manner or way as may be directed or approved by the board, to all persons under contract of hire with him that he has provided for payment of compensation for injuries with the association.

"20. Every subscriber shall, after receiving a policy give notice in writing or print, or in such manner or way as may be directed or approval [-ed] by the board to all persons with whom he is about to enter into a contract of hire that he has provided for payment of compensation for injuries by the association. If any employer ceases to be a subscriber, he shall on or before the date on which his policy expires, give notice to that effect in writing or print or in such other manner or way as the board may direct or approve to all persons under contract of hire with him. In case of the renewal of his policy no notice shall be required under this law. He shall file a copy of said notice with the board."

Article 8306, § 3c, reads:

"From and after the time of the receipt by the Industrial Accident Board of notice from any employer that the latter has become a subscriber under this law, all employees of said subscriber then and thereafter employed, shall be conclusively deemed to have notice of the fact that such subscriber has provided with the association for the payment of compensation under this law. If any employer ceases to be a subscriber he shall on or before the date on which his policy expires give notice to that effect to the Industrial Accident Board, and to such subscribers' employees by posting notices to that effect in three public places around such subscribers' plant."

The Supreme Court of Texas in a recent decision, Zurich General Accident & Fidelity Ins. Co., Limited, v. Walker, 35 S.W.(2d) 115, reversed the decision of this court in Zurich General Accident & Liability Ins. Co. v. Walker, 21 S.W.(2d) 334, and rendered the case in favor of the defendant, and said, in substance, that, by the wording of the Workmen's Compensation Law, the employees are conclusively presumed to know that the employer has taken out workmen's compensation insurance. Therefore Walker was conclusively presumed to have known that his employer had taken out such insurance; and he could not claim that he did not know that his employer had taken out insurance to compensate him for such injuries as he suffered.

It is a well-recognized rule of law that the existing statutes and the settled law of the land at the time a contract is made become a part of it, and must be read into it. 6 R. C. L. p. 854, § 243; Texas Jurisprudence, under title of contracts, par. 82.

Therefore, at the time the contract of employment was made between the defendant and the deceased, it must be conclusively presumed that the deceased had knowledge that the employee was insured under the Compensation Act. And the failure of defendant to

give a statutory notice that he had ceased to be a subscriber would bind the defendant to compensate the beneficiary of the deceased as she would have been compensated if the contract of insurance was in existence.

Under sections 3 and 3a, article 8306, the deceased agreed to waive his right at common law or under any statute of this state to recover damages for injuries sustained in the course of his employment, and bound himself and his beneficiaries to look solely to appellant's insurer for compensation in the case of injury or death resulting from injuries received in the course of his employment.

Under section 3c, article 8306, and section 20, article 8308, the defendant agreed that, if it should cease to be a subscriber, it would on or before the date on which its policy expired give notice to that effect to the Industrial Accident Board and to its employees by posting notices to that effect in three public places around its plant.

If the defendant company contracted that it should remain a subscriber until or unless it gave notice to the contrary, then its original contract of hire with Soria remained in effect. The failure to renew the policy or obtain another policy of insurance constituted a breach of contract until or unless it gave notice to the contrary. The beneficiary under the Workmen's Compensation Law was entitled to receive from appellant the equivalent of that which it contracted to provide, namely, the value of what she would have obtained from the insurer under the compensation policy of insurance. See Bayon v. Beckley, 89 Conn. 154, 93 A. 139.

It is not shown in the evidence that the employer gave notice to its employees that it had ceased to be a subscriber, and there is considerable evidence to show that it had not given such notice. Under the Workmen's Compensation Law an employer may refuse to become a subscriber, in which event the employee must rely upon his right of action at common law for damages. If the employer is not a subscriber, his common-law defenses, such as contributory negligence, etc., are taken away, and he may be liable in damages for injuries sustained by the employees in the course of their employment, or for death resulting from personal injuries so sustained, even though such injury or death directly or proximately resulted without the employer's negligence. Article 8306, Rev. Civ. Statutes. In such a case, if the employer and employee contract on that basis, that law becomes a part of the contract of employment.

If the employer elects to become a subscriber to the Workmen's Compensation Law, the employee, upon entering the employment, may waive his right of action for damages at common law or under any statute of this state, against his employer, and agree to look solely to the association for compensation under the terms of the Compensation Act. If an employer, through the proper steps, becomes a subscriber, and if an employee, upon entering the employment, does not give written notice that he relies upon his right of action at common law for damages against his employer for injuries sustained in the course of his employment, the employer is not liable in damages, and the employee must look solely to the association for compensation in the event of injury. Or, if the employer become a subscriber, and the employee, when entering the employment, gives written notice to the employer that he claims his right of action at common law or under any statute of this state for recovery of damages sustained in the course of his employment, then the employee has a right of action against his employer for damages sustained through the negligence of the employer, under the common law and the statutes of this state.

When the deceased entered the employment of defendant, defendant had become a subscriber to the Workmen's Compensation Act. It is in evidence that the defendant did not give to his employees the written notice prescribed by law that he had ceased to be a subscriber. The provision for compensation, in the event of injury or death, was one of benefit bestowed upon and accepted by the deceased, and his employment continued up until the date of the death of deceased without any change whatsoever, with the exception that appellant permitted the policy of insurance, taken out by it for the benefit of its employees, to lapse without having given notice to Soria, or to any other of its employees, that it had ceased to be a subscriber. The statute says the employer ceasing to be a subscriber shall give written notice, posted in three public places in his plant, that he has ceased to be a subscriber. This provision must have been intended to accomplish some purpose. Certainly it was intended to impose the duty and obligation upon the employer, who had become, and who had ceased to be, a subscriber, to give such notice as provided by law. Obviously, it was enacted for the protection of the employee.

We believe that in the instant case the defendant, the employer, would be liable to the beneficiary or the employee for such relief and compensation as she would be entitled to if the policy had been continued, and which the insurance company would owe the beneficiary, plaintiff below. It will be remembered that there is no requirement of any notice being given on the part of the employer of the renewal of the policy.

■■ It is shown by a bill of exception that Jones, the foreman of the defendant company, on June 10, 1929, made a statement concerning the death of the deceased, giving the statement to the insurance company's representative. That statement at that time

reflected the truth in a general sort of way; that statement, introduced in evidence, was signed by him. On the trial Mr. Jones was asked the following questions:

"Q. Did you or not, Mr. Jones, state that on February 24, 1929, Sunday morning, at an unknown hour, one Victoriano Soria, who was employed by the above company, as a foreman in day·time and at night as a foreman of the company's tools, etc., was shot? A. I told the story to the insurance man and those are his words.

"Q. Is that·in the statement? A. It evidently is, yes, sir."

We think there was no error in admitting the statement in an effort to contradict the testimony of the witness, as ruled by the court. Though a party cannot ordinarily discredit his own witness, he may prove facts inconsistent with the witness' testimony, even though he discredit the witness by doing so, and this rule applies in both civil and criminal cases. Parlin & Orendorff Co. v. Miller, 25 Tex. Civ. App. 190, 60 S. W. 881; Id., 94 Tex. 707, 60 S. W. 881, writ of error refused.

While Mr. Jones was on the stand, he seemed to be inclined to make a distinction, and contended that the deceased was not a "night watchman"; yet he admitted facts which constituted the deceased an employee during the night while he slept in the house protecting appellant's property. Some legal purpose would be subserved by this part of the contract, and we believe, after he stated that the deceased was not employed as a night watchman, that the court correctly ruled that the statement was admissible, which tended to show that· he was a night watchman.

We conclude that a cause of action has been pleaded and proved by plaintiff, and that the judgment of the trial court should be affirmed, and it is accordingly so ordered.