## PLANTERS GIN CO. v. HERRING & YOUNG.

No. 26943.   April 13, 1937.

Moore & Royse and E. G. McComas, for plaintiff in error.

D. W. Tracy, for defendants in error.

BAYLESS, V. C. J.   Planters Gin Company, one of the defendants below, appeals to this court from a judgment of the county court of Beckham county, Okla., in favor of Herring & Young, a copartnership, plaintiff below. The parties will be referred to as plaintiff and defendant.

The petition of the plaintiff contained four causes of action: (1) Numbers 1 and 2 sought judgment against T. J. Smith on notes and to foreclose chattel mortgages given to secure said notes; (2) number 3 sought judgment against T. J. Smith on an open account; and (3) number 4 sought judgment against defendant for conversion of the cotton embraced within the chattel mortgages sued upon. Smith made no defense and default judgment was rendered against him accordingly. Defendant defended, but the trial court instructed judgment against it.

Defendant assigns several errors, but upon examination we find only two merit consideration, viz., error in overruling the demurrer to the petition, and insufficiency of evidence to support judgment.

Defendant demurred to the petition upon the grounds of misjoinder of causes of action and misjoinder of parties defendant. This demurrer was overruled. It is clear that plaintiff included in this one action claims against T. J. Smith upon two separate note and chattel mortgage transactions and upon an open account, in none of which the defendant was in any wise interested; and a claim for damages against defendant for converting the mortgaged chattels, in which Smith was not involved. Several cases are cited by both parties, but none of them are in point. We must construe section 199, O. S. 1931, in arriving at what causes of action may be joined, the concluding paragraph of which reads:

"But the causes of action so united must all belong to one of these classes and must affect all the parties to the action, except in actions to enforce mortgages or other liens."

It is clear to us that it was improper to join these causes of action, and that the demurrer should have been sustained. We have found a case from Texas very much in point of fact.   Parlin & Orrendorff Co. v. Miller, 25 Tex. Civ. App. 190, 60 S. W. 881.   The law of pleading in that state differs from ours, and the Courts of Appeals have held that in determining what causes may be joined the discretion of the trial court is wide and will be disturbed only in exceptional cases.   The language

of that court in discussing the issues actually tried in that action said:

"The difficulty presented is the effect of the allegation, and the fact that they had converted and disposed of the property and the same had been rendered inaccessible. * * * Foreclosure upon personal property not accessible nor in existence would be impracticable. It is, however, only through proceedings to enforce the lien that plaintiff would have the right to join appellants in the action upon the note. As an actual foreclosure sale of the property was, upon plaintiff's averments, out of the question, there is some force in appellant's claim that plaintiff's cause of action against it is solely for conversion, and distinct from the debt. But, properly considered, appellant's liability is not distinct from the debt, but depends upon and grows out of it. It is only by reason of the debt that the mortgagee can pursue the purchaser of mortgaged property. Such a purchaser with notice, who destroys the subject of the mortgage, becomes liable to the mortgagee for the value of the property to the extent of the debt. Looking at the substance instead of form, the consequence of such an act is to make him liable for the debt pro tanto."

Adopting this discussion and applying it to the action before us, we must say that it is clear from all of the pleadings that the plaintiff could not hope to foreclose the mortgage upon the cotton, since it was certain that it had been picked, sold to the defendant, ginned and its identity lost. Therefore, the only issue which could be tried was that of conversion. Actually, this was the only issue tried. Therefore, we hold that the trial court committed error when it overruled the defendant's demurrer to the petition; but we likewise hold that, since there was a full and complete trial on the issue of conversion unaffected by the issues between plaintiff and Smith, except only in so far as it was necessary for plaintiff to establish its liens, the error was harmless.

As to the contention that there is not sufficient evidence to support the directed verdict of the jury, we have this to say. The plaintiff's evidence, judged by defendant's demurrers and motion for directed verdict, is reasonably capable of sustaining the issues on the part of plaintiff. Defenant introduced no evidence to contradict this evidence. It is clear to us that Smith sold all of the cotton he raised on the particular farm to defendant, and since defendant purchased all of Smith's cotton from the particular farm, it follows that the particular part described in the mortgages was included.

The judgment of the trial court is affirmed.

OSBORN, C. J., and BUSBY, PHELPS and GIBSON, JJ., concur.