REPUBLIC UNDERWRITERS v. GLOVER et al.

No. 2981.

Court of Civil Appeals of Texas. El Paso.

May 10, 1934.

Rehearing Denied May 31, 1934.

Sam Dardnne, of Waco, for appellant.

H. A. Forman and B. F. Howell, both of Rankin, Kerr & Gayer, of San Angelo, and

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellees.

WALTHALL, Justice.

Ed Glover filed a claim with the Industrial Accident Board against the Republic Underwriters, a corporation, and against the Employers' Liability Assurance Corporation, under the provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.). The Industrial Accident Board denied the claim of Ed Glover against both companies, whereupon he filed this suit in the district court of Upton county to set aside the action of the Industrial Accident Board in refusing him compensation, and in his suit asks judgment against each of said defendant companies for compensation for his alleged injuries under the Workmen's Compensation Law.

Glover alleged that while in the employ of G. B. Dyson & Co., who carried compensation insurance with each of said companies, and while in the discharge of his duties as an employee, on June 16, 1931, while working as a laborer on a rock crusher for his employers, road contractors, the rocks fell out of a chute into a trough made of steel; that the roar, noise, and jar caused by such rocks falling upon said steel trough and the roar, noise, and jar of the rock-crushing machine in its operation caused his ear drums to burst and thereby destroyed his hearing, and resulted in other ailments stated, from which he is totally and permanently disabled from obtaining and securing employment as a laborer. As a predicate for compensation Glover alleged that prior to his injuries he had been earning an average daily wage of $4.50. By reason of the facts alleged Glover asked that he recover his compensation in a lump sum. He tendered other issues which will be noted in considering the propositions to which they refer.

Defendant, Employers' Liability Assurance Corporation, pleaded a defect of parties defendant in that this defendant had no such policy as alleged by Glover in force at the time of plaintiff's alleged injury; pleaded in abatement that the court had no jurisdiction for the reason that plaintiff did not give notice of his injury, and did not file his claim for compensation with the board within the required time; further answered by general denial and several special denials.

Defendant, Republic Underwriters, answered by general demurrer, special exceptions, denials general and special.

Glover filed a supplemental pleading, the merits of which will be considered with the propositions to which they refer.

On special issues submitted the jury found:

Ed Glover sustained an injury on the 16th of June, 1931, in the course of his employment with G. B. Dyson & Co. He sustained loss of capacity to work as a result of said injuries. His loss of capacity to work was permanent, was not total but partial; the percentage of loss was 75 per cent. The average daily wage of a person doing the same class of work Glover was doing, working substantially the whole of the year preceding June 16th, 1931, was 30 cents per hour, for 10 hours per day, or $3 per day. Glover was protected by a policy of insurance at the time of his injury, on June 16, 1931, issued by defendant Republic Underwriters. Glover gave notice within 30 days to G. B. Dyson of the injury claimed by him to have been sustained on June 16, 1931.

Ed Glover had good cause for not filing his claim for compensation for the injury sustained by him, prior to the time he did file same.

A manifest hardship and injustice will result to Glover if defendant Republic Underwriters should fail to pay any compensation to which he is entitled in a lump sum.

On Glover's motion for judgment the court entered judgment for Glover and against defendant Republic Underwriters for the sum of $7.80 per week for 300 weeks beginning June 16, 1931, the first weekly installment being due and payable June 23, 1931, all past-due installments to bear interest from maturity at the rate of 6 per cent. per annum.

As to defendant Employers' Liability Assurance Corporation, said defendant was discharged from all liability with its costs, to which judgment Glover and Republic Underwriters each excepted; Republic Underwriters prosecute this appeal.

Opinion.

Ed Glover alleged that he was injured on June 16, 1931. That is the only date fixed by the pleading and the evidence for the injury complained of.

Ed Glover filed his first claim for compensation with the Industrial Accident Board, wherein he made claim against Employers' Liability Assurance Corporation, on July 1, 1932.

Ed Glover filed his second claim for compensation with the Industrial Accident Board on January 31, 1933, wherein he claimed compensation against Republic Underwriters.

Appellant, Republic Underwriters, submits that Ed Glover having failed to file his claim

for compensation with the Industrial Accident Board within six months from the date of the injury, and that no good cause having been shown to have existed for said failure up to the date that said claim was filed, it was error not to grant appellant's motion for an instructed verdict.

The statute, article 8307, § 4a, provides that: "No proceeding for compensation for injury under this law shall be maintained * * * unless a claim .for compensation with respect to such injury shall have been made within six months after the occurrence of same." The same article of the statute provides that: "For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

More than a year elapsed before Glover filed his claim for compensation.

The evidence sufficiently shows that Glover was rendered deaf by the falling rocks and the noise on June 16, 1931, and that he knew of his injury from the time it occurred; that he continued to work from the time of his injury until July, 1932, drawing the same wages and performing the same labor, during which time his deafness continued.

The only question presented under the proposition is: Did Glover have good cause for not filing his claim prior to the time he did file it? The jury found in his favor on the issue.

The record shows that the policy of insurance sued on was issued by appellant to G. B. Dyson & Co. on June 12, 1931, and was canceled on July 12, 1931.

The record further shows that appellant denied that it had in force and effect a policy with G. B. Dyson & Co. at the date of the alleged injury, and that it did not give notice of the issuance of an insurance policy to the Industrial Accident Board, nor did G. B. Dyson & Co. give such notice; and the evidence sufficiently shows that no such notice was given. There is nothing in the record to show that the appellant or the employer gave notice that it had canceled its policy of insurance, and in view of its pleading that it had no policy at the time of the injury we assume that no notice of the cancellation of its policy was given.

Appellee alleged that he knew nothing of the policy issued by appellant company until January 19, 1933, and that Glover filed his claim with the board immediately upon learning of the existence of the policy in appellant.

■ We think the failure of the employer to give the notice is sufficient to excuse appellee Glover from presenting his claim within the six months required. In Bailey et al. v. Texas Indemnity Ins. Co. (Tex. Com. App.) 14 S.W. (2d) 798, 801, it is said: "The failure to give this notice required, under the provisions of the law at the hands of the employer, has the legal effect to excuse the employee from presenting any claim, under the Workmen's Compensation Law, until this notice has been given to him by his employer."

To the same effect is Zurich General Accident & Fidelity Ins. Co., Ltd. v. Walker (Tex. Com. App.) 35 S.W.(2d) 115; Anderson-Berney Realty Co. v. Soria (Tex. Sup.) 67 S.W.(2d) 222, affirming the Court of Civil Appeals, 41 S.W.(2d) 279, where it is said the failure of the defendant company to give the statutory notice (article 8308, §§ 18a, 19 and 20) that he had ceased to be a subscriber, bound insurer to compensate deceased employee's beneficiary as if policy were still in effect.

■ Other grounds for failure to file the claim for compensation are discussed by appellee, such as: Glover is an ignorant negro, never had a claim for compensation before; he had worked for G. B. Dyson in other lines of service, had notified G. B. Dyson of his injury and depended upon Dyson to look after his compensation; his mental condition was not good after the injury; knew nothing about compensation insurance. The jury found that Glover had good cause for not filing his claim prior to the time he did file it.

The issue is one of fact. Texas Indemnity Ins. Co. v. Holloway (Tex. Civ. App.) 30 S.W. (2d) 921; Texas Employers' Ins. Ass'n v. Martin (Tex. Civ. App.) 296 S. W. 639; Texas Employers' Ins. Ass'n v. Clark (Tex. Civ. App.) 23 S.W.(2d) 405.

There is sufficient allegation and proof that the injury to Glover occurred in Upton county; and that the employer had in his employ more than three employees at the time of the injury to Glover. Three employees testified on the trial.

■ The Republic Underwriters, in the fifth and sixth propositions, complain that the statutory definition was not given of the term "injury" and "scope of employment" within the meaning of the Compensation Law. It is submitted that the evidence was conflicting upon the issue as to whether Glover's deafness was caused by accidental injury or by disease or other causes, and whether Glover's injury was sustained within the course of his employment by G. B. Dyson & Co.

The trial court submitted special issue No. 1 as follows: "Do you find and believe from a preponderance of the evidence that the plaintiff, Ed Glover, sustained an injury on the 16th day of June, 1931, in the course of his employment with G. B. Dyson & Company? Answer yes or no."

Without quoting it the evidence was conflicting as to whether Glover's asserted injury (that his ear drum was caused to burst on June 16, 1931, and that since that time he has been unable to hear) was sustained in the course of his employment with G. B. Dyson & Co. on the day stated.

Appellant objected to the issue, among other reasons, "for the reason that the term injury is a legal term and same is not defined at any place in the court's charge," and "for the further reason that the term 'scope of his employment' is a legal term and is not defined at any place in the court's charge."

In Commercial Standard Ins. Co. v. Noack, 62 S.W.(2d) 72, 74, a compensation case, Judge Critz, for the Commission of Appeals, said: "The court's charge nowhere contained a definition of the term 'injury' used in the above issue. The insurance company duly and seasonably excepted to the charge for its failure to define such term. This was error. Article 8309, subdivision 5, part 4, R. C. S. 1925; Associated Indemnity Corporation v. Wilson (Tex. Civ. App.) 41 S.W.(2d) 143, and authorities there cited."

The opinion then called attention to the fact that the terms "injury" and "personal injury" are not used in their ordinary sense or meaning in our compensation laws.

We think the objection made to the first issue of fact submitted in the charge, and indicating the term "injury" as the term not defined, is sufficiently specific to call the court's attention to the absence of the statutory definition of the term and that appellant objected to the use of the term in the charge undefined.

For failure to define "injury" the case must be reversed.

Appellant objected and excepted to special issue No. 1 of the charge "for the further reason that the term 'scope of his employment' is a legal term and is not defined at any place in the court's charge." It will be observed that the court did not use the term "scope of employment" in the issue of the charge referred to in the objection and exception to the charge, but did use the statutory term "injury * * * in the course of his employment," indicating the time and the employer.

Appellant refers to Associated Indemnity Corporation v. Wilson (Tex. Civ. App.) 41 S. W.(2d) 143. In submitting the charge in that case the court used the term "in the course of his employment." The case was reversed on other grounds, but suggested that upon another trial "the instructions should define the legal terms 'injury' and 'course of employment' as specially requested by appellant." We do not discuss the want of similarity or meaning in the two expressions, if there is a difference, more than to say that the one used in the charge is the legal term used in the statute, while the one used in the objection is not.

In view of another trial we venture to suggest that should the evidence be conflicting as to whether Glover received the injury complained of in the course of his employment, it might be well to submit the two questions of fact separately; that is, whether he received the injury at the time and place alleged, and whether the injury was received in the course of his employment. We make that suggestion for the sake of harmony only in view of the holding by the Fort Worth court in Associated Indemnity Corporation v. Wilson, 41 S.W.(2d) 143, supra, that the two terms "injury" and "course of employment" should each be defined, though the statute uses the expression as one term, as used in the charge, "injury sustained in the course of employment."

As between appellant Republic Underwriters and appellee Glover we think we need say no more, as some of the matters complained of might not appear in another trial.

For reasons stated, the case as to appellant is reversed and remanded.

At the conclusion of the evidence the trial court instructed a verdict in favor of defendant Employers' Liability Assurance Corporation to which appellant, Republic Underwriters, and Ed Glover excepted, and in this appeal appellant, Republic Underwriters, assign error and Glover presents cross-assignments of error.

The contention is made that G. B. Dyson & Co., and the insurer, could not cancel the policy of insurance, effective immediately, by mutual consent, where there was no ten days' notice of cancellation given to the employee, Glover, or consent by Glover to said cancellation.

The Employers' Liability Assurance Corporation admitted in its answer that it issued to the employer G. B. Dyson a workmen's compensation policy insuring his employees under the Compensation Law, but alleges that

**318**

said policy was in all things canceled by mutual agreement between defendant and G. B. Dyson, effective the 12th day of June, 1931, some four days prior to the time plaintiff Glover claims to have been injured.

The policy was offered in evidence, and by its terms it did not expire until November, 1931. The policy contained the following provisions: "To pay to any person entitled thereto, under the Workmen's Compensation law, and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due." Also, "This policy may be cancelled at any time by either of the parties upon written notice to the other party stating when, not less than ten days thereafter, cancellation shall be effective."

The evidence shows that while the defendant corporation sent notice to the Industrial Accident Board of the cancellation agreement about the 14th or 15th day of June, 1931, such notice was received by the board on July 24, 1931; the records of the board on September 28, 1931, show that the policy had not then been canceled.

■ Section 19, of article 8308, provides that the subscriber shall give notice to the person under contract of hire that he has provided for payment of compensation for injuries with the association, and section 20, of the same article, provides that if any employer ceases to be a subscriber, he shall, on or before the date on which his policy expires give notice to that effect to all persons under contract of hire with him. The statute does not state the time for giving the notice, but the policy provides that the policy may be cancelled at any time upon written notice to either party, "stating when, not less than ten days thereafter," thus supplying the time for giving notice omitted in the statute. The policy of insurance is given for the benefit of employees as well as for the benefit of employers, and where the statute and the policy contract provide for notice to end the liability on the policy, we think the time stated 'in the policy for the notice fixes the time when liability ceases. Conceding that the policy was canceled by mutual consent, which we need not decide, its cancellation had not become effective when the injury, if any, to Glover is alleged to have occurred.

Under the record before us we think we need not decide whether the court properly instructed a verdict in favor of Employers' Liability Assurance Corporation as complained of by appellant by its cross-assignments of error, nor by appellee Glover by his cross-assignments of error.

■■ As to appellant, Republic Underwriters, it did not plead or show a cause or joint cause of action against, or with, the Employers' Liability Assurance Corporation, nor is its interest or liability in the least affected by the action of the court in instructing a verdict for the Employers' Liability Assurance Corporation. As to the cross-assignments of appellee Glover, he did not perfect an appeal, and the appeal by appellant does not give this court jurisdiction to consider cross-assignments by one appellee as against a coappellee. 3 Texas Juris. p. 873, par. 609, and cases referred to under note 11.

The case is affirmed as to Employers' Liability Assurance Corporation, and for reason stated is reversed and remanded as to Republic Underwriters.

HIGGINS, Justice.

I concur in the result.