## GLOVER v. EMPLOYERS' LIABILITY ASSUR. CORPORATION et al.
### No. 3152.

Court of Civil Appeals of Texas. El Paso.
Feb. 14, 1935.

Rehearing Denied March 21, 1935.

H. A. Forman, of Rankin, Kerr & Gayer, of San Angelo, and B. F. Howell, of Rankin, for plaintiff in error.

Sam Darden, of Waco, for Republic Underwriters.

Jones, Hardie, Grambling & Howell, of El Paso, for Employers' Liability Assurance Corporation.

WALTHALL, Justice.

The facts in this case are identical with those in the case of Republic Underwriters v. Glover et al. (Tex. Civ. App.) reported in 72 S.W.(2d) 314, and we refer to that case for a more extended statement of the facts and the disposition there made of the case than we think necessary to state here. In that case plaintiff, Ed Glover, filed a claim with the Industrial Accident Board against the Republic Underwriters and the Employers' Liability Assurance Corporation under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.), and the board having denied his claim for compensation against both defendants, Glover brought his suit against both defendants for compensation, with the result in the trial court that Glover recovered a judgment against Republic Underwriters and the trial court instructed a verdict in favor of Employers' Liability Assurance Corporation, and entered judgment based thereon.

From the judgment entered Republic Underwriters prosecuted an appeal to this court with the result that the case was affirmed as to Employers' Liability Assurance Association, and reversed and remanded as to Republic Underwriters.

On the former appeal of this case Ed Glover, appellee on that appeal, filed cross-assignments of error complaining of the action of the trial court in granting defendant Employers' Liability Assurance Corporation an instructed verdict.

In that case on appeal this court refused to take jurisdiction to consider Glover's cross-assignments of error, because Glover had not perfected his cross-appeal.

This writ of error is prosecuted against Employers' Liability Assurance Association in order to present the matters raised in Glover's cross-assignments filed on the former appeal and not considered.

The only issue involved in this appeal is whether the records showed a cancellation of Employers' Liability Assurance Corporation's policy of insurance as a matter of law so that said cancellation became effective prior to June 16, 1931, the date of Glover's injury.

The record on the former appeal shows that Glover excepted to the granting of the instructed verdict and to the judgment entered.

Opinion.

The parties will be referred to, respectively, as plaintiff and defendant, as in the trial court.

Plaintiff submits four propositions. The trial court erred: (1) In granting defendant an instructed verdict; (2) in not submitting the case to the jury as to defendant's liability; (3) in rendering judgment in favor of defendant; (4) in denying plaintiff a recovery against defendant. All of the propositions of plaintiff, and the counter propositions of defendant may be considered under one proposition: Was defendant's policy of insurance in effect on June 16, 1931, the time of Glover's injury?

The policy, as written, covered the period of time from 12 o'clock noon on November 15, 1930, to 12 o'clock noon on November 15, 1931.

In considering the question presented, we will disregard the jury's finding No. 10 to the effect that plaintiff, Glover, was protected by a policy of insurance at the time of his injury, it being a mixed question of law and fact, and the judgment of the court based upon that finding, and disregard the judgment of the trial court denying plaintiff a recovery against defendant.

Section 18a of article 8308 provides that whenever any employer of labor becomes a subscriber under the Workmen's Compensation Law, the insurer under said law shall give the notice to the board provided in the section, and provides a penalty for not complying with the provisions of that section. Section 19 of the same article provides that the subscriber, as soon as he secures a policy, shall give notice to all persons under contract of hire with him that he has provided for payment of compensation for injuries with the association. Section 20 of the same article, provides: "Every subscriber shall, after receiving a policy, give notice in writing or print, or in such manner or way as may be directed or [approved] approval by the board to all persons with whom he is about to en-

ter into a contract of hire that he has provided for payment of compensation for injuries by the association. If any employer ceases to be a subscriber, he shall on or before the date on which his policy expires, give notice to that effect in writing or print or in such other manner or way as the board may direct or approve to all persons under contract of hire with him. In case of the renewal of his policy no notice shall be required under this law. He shall file a copy of said notice with the board." All of said sections have to do in stating the duty of the subscriber in his contractual relation as employer to the employee. No reference is made to any duty of the insurer under the contract policy.

Defendant's policy of insurance provides: "This policy may be cancelled at any time by either of the parties upon written notice to the other party stating when, not less than ten days thereafter, cancellation shall be effective."

Defendant makes the contention that it, by mutual consent of the employer, canceled its policy prior to plaintiff's injury on June 16, 1931, and that, by reason of such cancellation, it was not liable under its policy. The evidence as to such cancellation shows substantially the following: C. M. Irvin, a member of the firm of D. C. Crowell & Co., general agents for defendant at El Paso, Tex., at all times involved here, wrote a letter at El Paso, Tex., on June 8, 1931, to defendant's Big Lake Insurance Agency, answering a letter of the Big Lake Agency of date June 5, 1931, referring to the policy here, and, referring to certain claims in that vicinity, said that "under the conditions we believe it best to arrange for prompt cancellation of the policy. Therefore, will you please take it up and return it to us without delay." Witness testified to the mailing of the letter. Defendant introduced in evidence a cancellation receipt of the policy signed by G. B. Dyson, of date June 12, 1931, which witness testified he received "about June 14th or 15th, something like that;" that he sent notices to the board and the casualty board in the matter of the cancellation, on the day he received it from Dyson. One of the cancellation notices dated July 22, 1931, and received by the commissioner on July 24, was introduced in evidence. Also there was introduced in evidence notice of the cancellation of the policy to the casualty board with the notation, "notice of cancellation effective June 12, 1931, is also on file, copy attached."

We have concluded that as between the employer, G. B. Dyson, and the defendant, insurer, a cancellation of the contract policy was effected on June 12, 1931. There is here no contract relation between the defendant insurer and the plaintiff Glover that may not be ended by mutual consent of the insurer and the insured. There is no provision in the statute that inhibits the employer and the insurer from canceling the contract policy at any time by mutual consent.

■ On the former appeal the writer of the opinion thought and so stated that, under the facts presented, the cancellation of the policy had not become effective at the time the injury was alleged to have occurred. We have concluded we were in error in so stating. The case was not properly before us. After a more thorough consideration of the questions presented than was made on the former appeal, we are of the opinion that the above references to the statute, and the following cases referred to by the defendant in the brief, sustain our conclusions above stated: Ætna Ins. Co. v. Texarkana National Bank et al. (Tex. Civ. App.) 60 S.W.(2d) 251, 253; Anderson-Berney Realty Co. v. Soria (Tex. Civ. App.) 41 S.W.(2d) 279, same case by Supreme Court, 67 S.W.(2d) 222; Davis v. Metropolitan Ins. Co., 161 Tenn. 655, 32 S.W.(2d) 1034; Hanover Ins. Co. of N. Y. v. Stevenson (Tex. Civ. App.) 58 S.W.(2d) 1096; Polemanakos v. Austin Fire Ins. Co. (Tex. Civ. App.) 160 S. W. 1134; Eurich v. General Casualty & Surety Co., 152 Md. 209, 136 A. 546; Gratopp v. Carde Stamping & Tool Co., 216 Mich. 355, 185 N. W. 675; McRae v. Mercury Insurance Co., 126 Neb. 469, 253 N. W. 645; Warren v. Franklin Fire Ins. Co., 161 Iowa, 440, 143 N. W. 554, L. R. A. 1918E, 477; Texas Juris. Vol. 24, p. 751, § 58, and cases cited under notes.

■ The tripartite arrangement for compensation insurance under the Workmen's Compensation Law by the employer, the employee, and the insurer, is subject to the general rule for rescission and cancellation which controls in other kinds of contracts; the power to cancel is coextensive with the power to initiate it and is but an incident of contractual capacity. P. B. Yates Mach. Co. v. Groce (Tex. Civ. App.) 281 S. W. 226. The parties who initiate the contract may rescind it by mutual consent. 10 Tex. Jur. p. 369, and cases referred to in notes. Like all other contracts, it must have the element of mutuality.

Here we are considering the right of the defendant only to cancel. Certainly the em-

ployee could withdraw from his employment at any time without consent. The employer could do so and relieve itself of any further duty to the employee by giving the notice and doing the things required in the act. We see no reason why the insurer may not cancel his contract by securing the consent of the employer with whom it has a contract policy.

The case is affirmed.