**Clarence BURTON, Appellant,**

**v.**

**I. C. T. INSURANCE COMPANY (Formerly The Insurance Company of Texas), Appellee.**

No. 6962.

Court of Civil Appeals of Texas.

Texarkana.

June 20, 1957.

Rehearing Denied July 18, 1957.

M. A. Lehmann and Smith & Lehmann, Houston, for appellant.

Blakeley & Williams, Houston, for appellee.

FANNING, Justice.

Appellee insurance company brought suit to set aside an award of the Industrial Accident Board in favor of appellant (claimant), Clarence Burton, with the insurer denying that on June 9, 1955 (the date of claimant's injuries), it was the carrier of a policy of workmen's compensation insurance for claimant's employer.

Upon trial to the court without a jury, on largely undisputed facts, the trial court found: That the necessary facts to confer jurisdiction on the court existed; that appellee-insurer on July 21, 1954, issued to Charley Martin (employer of appellant) its policy of workmen's compensation insurance to cover a period of one year from said date; that on August 25, 1954, appellee-insurer filed with the Industrial Accident Board "Notice That Employer Has Become Subscriber" giving notice of the issuance of the policy in question effective from July 21, 1954, to July 21, 1955; that said employer Charley Martin surrendered said policy of insurance to the agent of insurer-appellee on January 11, 1955, for non-payment of premiums; that said policy of workmen's compensation insurance was cancelled on January 15, 1955, by mutual consent of said Charley Martin and appellee-insurer; that appellee-insurer did not notify the Industrial Accident Board of the cancellation of said policy until October 22,

1955; that the final award of the Board was made on October 13, 1955; that Sections 2.01, 2.02 and 2.03 of the Rules of the Industrial Accident Board, effective February 16, 1953, provided:

"2.01. When any insurance carrier issues a policy of Workmen's Compensation Insurance in Texas, it shall request the employer to immediately file with this Board Notice That Employer Has Become Subscriber on Form No. 130, and if the employer does not file such notice then the carrier shall file it for the employers."

"2.02. When any endorsement, cancellation or other change is made, such notice shall also be filed immediately with this Board."

"2.03. All policies shall be considered in effect until cancellation notice is received by the Board.";

that the said policy of insurance contained the following provision:

"Cancellation. This policy may be cancelled by the insured by surrender thereof to the Company or any of its authorized agents or by mailing to the Company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the Company by mailing to the insured at the address shown in this policy written notice stating when, not less than 10 days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the insured or by the company shall be equivalent to mailing.

"* * * When the insurance under the Workmen's Compensation Law may not be cancelled except in accord-

ance with such law, this condition so far as it applies to the insurance under this policy with respect to such law, is amended to conform to such law."

The trial court also found that appellant Burton suffered accidental bodily injuries in the course of his employment for his employer, Charley Martin, on June 9, 1955, and made findings as to the extent of disability and also found the average weekly wage of appellant. The trial court concluded as a matter of law that appellee-insurer was not, on June 9, 1955, the carrier of workmen's compensation insurance policy covering any operations of Charley Martin or covering any job on which Clarence Burton was working on said date, and that appellee-insurer was not liable in any amount to Clarence Burton. From the judgment of the court, denying him any recovery, appellant, Clarence Burton, has appealed.

Appellant on appeal presents two points, which are as follows: "Point 1. Having made all other necessary fact findings to entitle the claimant-appellant to judgment for compensation benefits, the trial court erred in holding that insurer-appellee had effectively cancelled the insurance policy prior to the injuries to claimant. Point 2. The workmen's insurance policy of appellee was effective until notice of cancellation was given to the Industrial Accident Board as a matter of law, so that the trial court erred in denying judgment to appellant-claimant."

Nowhere in Article 8308, Vernon's Ann.Civ.St., does the Legislature require the insurance carrier to notify the Industrial Accident Board of the cancellation of one of its policies. Glover v. Employers' Liability Assurance Corp., Tex. Civ.App., 80 S.W.2d 1078, 1079, wr. dis. This case specifically holds that a workmen's compensation insurance policy could be effectively cancelled by the mutual consent of the insurer and the employer. We quote from the court's opinion in this case as follows:

"Section 18a of article 8308 provides that whenever any employer of labor becomes a subscriber under the Workmen's Compensation Law, the insurer under said law shall give the notice to the board provided in the section, and provides a penalty for not complying with the provisions of that section. Section 19 of the same article provides that the subscriber, as soon as he secures a policy, shall give notice to all persons under contract of hire with him that he has provided for payment of compensation for injuries with the association. Section 20 of the same article, provides: 'Every subscriber shall, after receiving a policy, give notice in writing or print, or in such manner or way as may be directed or [approved] approval by the board to all persons with whom he is about to enter into a contract of hire that he has provided for payment of compensation for injuries by the association. If any employer ceases to be a subscriber, he shall on or before the date on which his policy expires, give notice to that effect in writing or print or in such other manner or way as the board may direct or approve to all persons under contract of hire with him. In case of the renewal of his policy no notice shall be required under this law. He shall file a copy of said notice with the board.' All of said sections have to do in stating the duty of the subscriber in his contractual relation as employer to the employee. No reference is made to any duty of the insurer under the contract policy. * * *

" * * * There is here no contract relation between the defendant insurer and the plaintiff Glover that may not be ended by mutual consent of the insurer and the insured. There is no provision in the statute that inhibits the employer and the insurer from canceling the contract policy at any time by mutual consent. * * *

"The tripartite arrangement for compensation insurance under the Workmen's Compensation Law by the employer, the employee, and the insurer, is subject to the general rule for rescission and cancellation which controls in other kinds of contracts; the power to cancel is coextensive with the power to initiate it and is but an incident of contractual capacity. P. B. Yates Mach. Co. v. Groce, Tex.Civ. App., 281 S.W. 226. The parties who initiate the contract may rescind it by mutual consent. 10 Tex.Jur. p. 369, and cases referred to in notes. Like all other contracts, it must have the element of mutuality. * * *

" * * * We see no reason why the insurer may not cancel his contract by securing the consent of the employer with whom it has a contract policy."

The case of Glover v. Employers Liability Assurance Corp., supra, does not discuss Sections 2.02 and 2.03 of the Rules of the Industrial Accident Board, and there was no showing in that case, either way, whether the Board then had such rules or similar rules, although the facts in the Glover case show that the insurer in that case did, as in the case at bar, give *belated* notice of cancellation to the Industrial Accident Board.

Section 2.02 of the Rules of the Industrial Accident Board while stating that notice of cancellation shall be filed immediately with the Board, does not state who shall file it.

Section 2.03 of the Rules of the Industrial Accident Board states: "All policies shall be considered in effect until cancellation notice is received by the Board." As we view this section it is the statement of an administrative presumption by the Board upon which (absent evidence to the contrary) the Board will act in accordance with such administrative presumption and enter an award. As we view this Rule, it does not on its face purport to change the

substantive settled law of the cancellation of insurance contracts nor to prevent proof, on appeal from its award to a court of competent jurisdiction, of the fact of cancellation. The language of the rule does not purport to declare that, as a matter of fact and law, that the policy *is in effect* until the Board is notified of the cancellation, but merely that the Board in administering the law shall so consider it. A somewhat analogous situation is presented by the certificate of title act (P.C. Art. 1436–1). In Pioneer Mutual Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202, in an opinion by Commissioner Hickman (now Chief Justice) it was held that the issuance of a certificate of title by the Department of Public Safety as provided in the Act was not evidence of ownership, but a mere *administrative presumption* which vanishes when positive evidence to the contrary was introduced.

■ In Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556, 561, it is stated: "It (the Workmen's Compensation Act) vests no judicial power in the Industrial Accident Board which it creates. That Board is but an administrative agency provided for the proper execution of the Act."

It is our view that Sections 2.02 and 2.03 of the Rules of the Industrial Accident Board do not purport to change the substantive law of insurance or of contracts but merely create an administrative presumption, which is rebuttable by clear proof to the contrary.

■ Article 8307, Sec. 4, V.A.C.S., provides: "The Board may make rules not inconsistent with this law for carrying out and enforcing its provisions." This statute gives the Board power to make rules, not inconsistent with the Workmen's Compensation Insurance law, for carrying out and enforcing the provisions of the Workmen's Compensation Insurance law. However, this statute does not purport to give power to the Industrial Accident Board to

enact legislation in the guise of rules which would change the substantive law of insurance and contracts in this state—such a change of the substantive law of this state would be a matter for the Legislature and not a matter properly within the rule-making power of the Industrial Accident Board. Admittedly there was no statute of this state which provided that the cancellation would not be effective until notice thereof was given to the Board.

■ It is also elementary that statutes should be construed in such manner as to render them constitutional, if reasonably possible. If appellant's construction of the rule-making power statute (Sec. 4 of Art. 8307, supra) and of Rules 2.01, 2.02, and 2.03, supra, is sound, then such a construction would result in an unconstitutional delegation of legislative authority to the Industrial Accident Board. In this connecton, see McCombs v. Dallas County, Tex.Civ.App., 136 S.W.2d 975. However, we are not willing to adopt such a construction as would render such statute unconstitutional as we think the Legislature intended to grant to the Industrial Accident Board only reasonable rule-making power to make rules within the reasonable ambit of the duties enjoined on this administrative body by the Workmen's Compensation Insurance statutes of this state, and that the Legislature did not intend to delegate legislative power to the Board, an administrative body, whereby such Board in the enactment of administrative rules could change any of the substantive laws of this state.

■ As a matter of the settled substantive law of this state the insurance policy in question was effectively cancelled on January 15, 1955, by the mutual consent of the insurer and the employer, and the fact that notice of the cancellation was not sent to the Board until October 23, 1955, would not, in our opinion, alter the fact that such policy was effectively cancelled on January 15, 1955.

We hold that the policy in question was effectively cancelled on January 15, 1955, prior to appellant's accident and injuries. Appellant's points are respectfully overruled.

The judgment of the trial court is affirmed.