**INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, Appellant,**

v.

**John H. MOORE, Appellee.**

No. 2–00–098–CV.

Court of Appeals of Texas, Fort Worth.

March 22, 2001.

Watson, Caraway, Harrington, Nelson, Midkiff & Luningham, L.L.P.; W. Mark Midkiff, Fort Worth, Attorney for Appellant.

Norman Darwin & Associates; Norman Darwin, Fort Worth, Attorney for Appellee.

PANEL A: CAYCE, C.J., HOLMAN and GARDNER, JJ.

## OPINION

GARDNER, Justice.

### I. Introduction

In this appeal we are asked to determine whether, under the Texas Workers' Compensation Act, a worker's compensa-

tion carrier is entitled, as a matter of law, to a proportionate reduction in the award of supplemental income benefits equal to the percentage of reduction of impairment income benefits for a prior compensable injury. We reverse the judgment of the trial court and render judgment that Appellant is entitled, as a matter of law, to contribution in the amount of an 11/17ths reduction of Appellee's supplemental income benefits.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellee John H. Moore filed a workers' compensation claim for a compensable back injury suffered on June 29, 1994, while in the course and scope of his employment with General Motors. Appellant Insurance Company of Pennsylvania requested that the Texas Workers' Compensation Commission ("Commission") determine the percentage of contribution for a prior compensable injury sustained by Appellee on May 21, 1991.

A benefit contested-case hearing was held to determine the amount by which Appellant was entitled to reduce Appellee's impairment income benefits (IIBs) and supplemental income benefits (SIBs) based upon the prior compensable injury. The hearing officer found Appellant was entitled to reduce Appellee's IIBs by 11/17ths based upon the earlier compensable injury. However, the hearing officer did not allow Appellant to reduce Appellee's SIBs for the prior injury.

The decision of the hearing officer was appealed to the Commission Appeals Panel. The Appeals Panel failed to act on the appeal. Consequently, the decision of the contested case hearing officer became final by operation of law.[1]

Appellant filed suit in State district court challenging the Commission Appeals Panel's determination that it was not entitled to a proportionate reduction of SIBs for the prior compensable injury.[2] The parties then filed cross motions for summary judgment, which called into question the interpretation of section 408.084 of the Texas Workers' Compensation Act. TEX. LAB.CODE ANN. § 408.084 (Vernon 1996). Appellant's motion requested the trial court to determine that section 408.084 entitled it to a proportionate reduction of SIBs in the same proportion that was found applicable to IIBs. Appellee moved for summary judgment on the grounds that Appellant had not properly preserved the issue of the amount of contribution in its pleadings and that Appellant was not entitled to a proportionate reduction of SIBs. The trial court denied Appellant's motion for summary judgment and granted Appellee's motion without specifying the basis for its ruling.

## III. ISSUES

In two issues, Appellant contends the trial court erred in granting Appellee's motion for summary judgment and denying its motion for summary judgment because (1) as a matter of law, Appellant is entitled to an 11/17ths contribution towards SIBs and (2) that Appellant's pleadings adequately preserved the issues presented to the Commission.

## IV. DISCUSSION

### A. Preservation of Error

■ At the outset, we agree with Appellant that it adequately preserved for appeal the sole issue in this case: whether Appellant is entitled, as a matter of law, to

---

**1.** *See* TEX.LAB.CODE ANN. § 410.204(c) (Vernon 1996) and Commission Rule 143.5(b) (located at *www.twcc.state.tx.us*).

**2.** *See* TEX.LAB.CODE ANN. § 410.252.

a proportionate reduction of SIBs equal to the percentage of reduction awarded for IIBs for Appellee's prior injury. This issue was raised and tried via the parties' cross-motions for summary judgment. We reject Appellee's contention that the amount of contribution was not preserved by Appellant's pleadings.

### B. Standard of Review—Cross-motions for Summary Judgment

■ When both sides move for summary judgment and the trial court grants one motion and denies the other, we review both sides' summary judgment evidence and determine all questions presented. *FM Properties Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000) (citing *Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex. 1997); *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988)). When reviewing cross-motions for summary judgment, we may render the judgment that the trial court should have rendered. *Id.* (citing *Agan,* 940 S.W.2d at 81; *Members Mut. Ins. Co. v. Hermann Hosp.,* 664 S.W.2d 325, 328 (Tex.1984)). When a trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm summary judgment if any of the summary judgment grounds are meritorious. *Id.* at 873 (citing *Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995)).

■ The material facts in this case are not in dispute. The sole issue presented centers on the interpretation of section 408.084. Because this case involves a question of statutory interpretation, it presents a pure question of law that is a proper matter for summary judgment. *Legend Airlines, Inc. v. City of Fort Worth,* 23 S.W.3d 83, 91 (Tex.App.—Fort Worth 2000, pet. denied); *City of Dallas v. Cornerstone Bank, N.A.,* 879 S.W.2d 264, 269 (Tex.App.—Dallas 1994, no writ).

### C. Impairment and Supplemental Income Benefits

■ An employee receives impairment income benefits according to the employee's impairment rating, which is the percentage of the whole body's permanent impairment. *See* TEX.LAB.CODE ANN. § 401.011(24) (Vernon 1996 & Supp.2001); *Rodriguez v. Serv. Lloyds Ins. Co.,* 997 S.W.2d 248, 253 (Tex.1999). To determine the impairment rating, an examining doctor evaluates the permanent effect of the employee's injury under statutory guidelines. *See* TEX.LAB.CODE ANN. § 408.124 (Vernon 1996 & Supp.2001); *Rodriguez,* 997 S.W.2d at 253. The doctor expresses the rating as a percentage of permanent impairment to the whole body. TEX. LAB. CODE ANN. §§ 401.011(24), 408.124; *Rodriguez,* 997 S.W.2d at 253. The greater this percentage, the greater the amount the employee receives as impairment income benefits. *Rodriguez,* 997 S.W.2d at 253.

■ The impairment rating may also qualify an employee for supplemental income benefits, which provide long-term disability compensation. *See* TEX. LAB. CODE ANN. § 408.142; *Rodriguez,* 997 S.W.2d at 253. To be entitled to supplemental income benefits, in addition to other requirements, the claimant must have an impairment rating of 15 percent or more from the compensable injury. *See* TEX. LAB.CODE ANN. § 408.142(a)(3). Thus, as defined by statute, impairment income benefits are aimed at compensating a claimant for the loss of some anatomic function, while supplemental income benefits are aimed at compensating a claimant based on how impaired his future ability is to retain employment at pre-injury wages. Tex. Work. Comp. Comm'n, Appeal No. 94787, 1994 WL 423029, at *3 (July 28, 1994).

## D. Section 408.084 of the Texas Labor Code

Section 408.084 of the Texas Workers' Compensation Act sets forth the statutory basis for an insurance carrier to request the reduction of impairment income benefits and supplemental income benefits as a result of documented impairment from an earlier compensable injury. TEX. LAB.CODE ANN. § 408.084. Specifically, it provides:

(a) At the request of the insurance carrier, the commission may order that impairment income benefits and supplemental income benefits be reduced in a proportion equal to the proportion of a documented impairment that resulted from earlier compensable injuries.

(b) The commission shall consider the cumulative impact of the compensable injuries on the employee's overall impairment in determining a reduction under this section.

*Id.*

### E. Application

In the present case, the hearing officer's findings of fact show that, on May 23, 1991, Appellee sustained a compensable back injury and had a two-level fusion at L4–5 and L5–S1. Appellee was awarded an 11 percent whole body impairment rating from the surgery performed as a result of the 1991 injury. Appellee returned to work following his 1991 injury and was not awarded any SIBs with regard to that injury. On June 29, 1994, Appellee sustained a new injury to his low back, which involved a 360 degree fusion at L4–5 and L5–S1. For the 1994 injury, Appellee was assigned a 17 percent whole body impairment rating by Dr. Juan Capello, M.D., a commission-designated doctor. The hear-

ing officer further found that, after his surgery for the 1994 injury, Appellee was unable to return to work at his pre-injury wages, and that the cumulative impact of impairment from the two injuries caused Appellee to be unable to be gainfully employed at his pre-injury wages. The hearing officer determined that 11 percent of the 17 percent impairment rating for the 1994 injury was attributable to the 1991 injury. Based on this finding, the hearing officer determined that Appellant was entitled to an 11/17ths proportionate reduction of IIBs. The hearing officer further found that "the cumulative impact of impairment and [Appellee's] subsequent employment history may mean that [Appellee] would no longer be entitled to [SIB]s from a 1991 compensable injury [and, consequently, Appellant] is not entitled to any contribution from the 1991 injury for [SIB]s."

■ From these findings of fact, the hearing officer concluded, as a matter of law, that Appellant was entitled to an 11/17ths proportionate reduction of IIBs but that Appellant was not entitled to any proportionate reduction of SIBs for the prior compensable injury. Appellant contends that the trial court erred by entering judgment that sustained the hearing officer's legal conclusion and maintains that section 408.084 requires, as a matter of law, that SIBs be reduced in the same proportion that was found applicable to IIBs.

■ Our only guidance in interpreting section 408.084 is provided by Commission Appeals Panel decisions which construe the statute. The construction given to a statute by the administrative agency charged with its execution[3] is entitled to

---

**3.** The Texas Workers' Compensation Commission is an administrative agency provided for proper execution of the Texas Workers' Com-

pensation Act. *Middleton v. Tex. Power & Light Co.,* 108 Tex. 96, 185 S.W. 556, 561 (1916) (referring to former Industrial Acci-

serious consideration if it is reasonable, consistent with the Legislature's intent, and does not contradict the plain language of the statute. TEX. GOV'T CODE ANN. § 311.023(6) (Vernon 1998); *Tex. Water Comm'n v. Brushy Creek Mun. Util. Dist.*, 917 S.W.2d 19, 21 (Tex.1996). Even under those conditions, however, the agency's interpretation is a legal determination that does not bind courts and no presumption of validity attaches to it. *Ins. Co. of State of Pa. v. Stelhik,* 995 S.W.2d 939, 942 (Tex.App.—Fort Worth 1999, pet. denied); *Firemen's Pension Comm'n v. Jones,* 939 S.W.2d 730, 735 (Tex.App.—Austin 1997, no writ). A court cannot allow an administrative construction, no matter how long it has been applied, to control over the clear and express provisions of the statute. *Firestone Tire & Rubber Co. v. Bullock,* 573 S.W.2d 498, 500 n. 3 (Tex.1978); *Denton County Elec. Co-op., Inc. v. Pub. Util. Comm'n of Tex.,* 818 S.W.2d 490, 493 (Tex. App.—Texarkana 1991, writ denied).

■■■■ Moreover, Texas Supreme Court jurisprudence mandates that we enforce the plain meaning of an unambiguous statute. *Tune v. Tex. Dep't of Pub. Safety,* 23 S.W.3d 358, 363 (Tex.2000). If a statute is clear and unambiguous, we need not resort to rules of construction or other extrinsic aids to construe it. *Id.* Whether a statute is ambiguous is a question of law. *Retama Dev. Corp. v. Tex. Workforce Comm'n,* 971 S.W.2d 136, 139 (Tex.App.— Austin 1998, no pet.). Ambiguity exists if reasonable persons can find different meanings in the statute. *Teleprofits of Tex., Inc. v. Sharp,* 875 S.W.2d 748, 750 (Tex.App.—Austin 1994, no writ). If a statute is determined to be ambiguous, this court's primary objective in construing that statute is to ascertain the Legisla-

ture's intent and to give effect to that intent. *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 438 (Tex.1997); *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985).

Upon review of relevant Commission Appeals Panel decisions, including those cited by both Appellant and Appellee, we have been unable to find any decision that has upheld a hearing officer's contribution award to an insurance carrier based on a prior compensable injury, where the officer reduced SIBs in a different proportion than IIBs. However, the Commission Appeals Panel has addressed this precise issue on at least two prior occasions and has held to the contrary. In a 1994 decision, the Commission Appeals Panel held that section 408.084 is equally applicable to IIBs and SIBs and recognized that section 408.084 specifically provides that both types of income benefits are to be reduced in "a proportion," indicating only one proportion. Tex. Work. Comp. Comm'n, Appeal No. 94787, 1994 WL 423029, at *4 (July 28, 1994). The Panel further noted, "[w]e do not see any statutory basis for reducing the contribution percentage applicable to SIBs payments to a different percentage than IIBs simply because of the different character of those benefits." *Id.* This Panel decision was reaffirmed in a 1997 decision. Tex. Work. Comp. Comm'n, Appeal No. 972156, 1997 WL 910496, at *3 (Dec. 8, 1997).

Appellee contends that these cases were "reversed" by a 1999 Panel decision, citing Tex. Work. Comp. Comm'n, Appeal No. 990237, 1999 WL 202032 (Mar. 24, 1999). Appellee asserts that this 1999 decision stands for the proposition that contribution may be awarded towards SIBs and IIBs in different proportions. Appellee is incor-

dent Board); *Burton v. I.C.T. Ins. Co.,* 304 S.W.2d 292, 295 (Tex.Civ.App.—Texarkana 1957, no writ) (same).

 

rect. The 1999 decision cited by Appellee involves a case in which the hearing officer determined that the claimant was entitled to SIBs for a current injury and that the carrier was not entitled to contribution towards those SIBs based on a prior injury. *Id.* at *1. However, there were no IIBs awarded in that case. *Id.* That decision did not involve a situation where a different percentage of contribution was applied to SIBs versus IIBs and, therefore, provides no support for Appellee's contention that the 1994 and 1997 Panel decisions were "reversed." We believe section 408.084 is unambiguous and we are duty bound to enforce its plain meaning. Both IIBs and SIBs may be reduced under the authority of section 408.084. By referring to this reduction as "*a* proportion," the statute refers to one proportion. That proportion, under the statute's plain language, is to be equal to the proportion of the previously documented impairment. TEX.LAB.CODE ANN. § 408.084. Thus, we agree with the statutory interpretation given by the Commission Appeals Panel that, where IIBs and SIBs have been awarded and it is determined that a carrier is entitled to contribution based on a prior compensable injury, SIBs and IIBs must be reduced in the same proportion.

 Accordingly, we hold that section 408.084 of the Texas Labor Code requires IIBs and SIBs be reduced in one proportion for purposes of contribution for a prior compensable injury and that the proportion shall be equal to the proportion of the previously documented impairment resulting from that injury. We, therefore, hold that the trial court erred in granting summary judgment to Appellee to the extent that it upholds the hearing officer's

decision that contribution should only apply to IIBs and not SIBs in this case. Application of our holding requires that, for purposes of contribution, Appellant is entitled, as a matter of law, to an 11/17ths proportionate reduction of Appellee's award of IIBs *and* SIBs. We sustain Appellant's first issue.

## V. CONCLUSION

Having sustained Appellant's first issue, it is unnecessary to reach Appellant's additional grounds for review. We reverse the trial court's judgment and render judgment that Appellant is entitled, as a matter of law, to contribution in the amount of an 11/17ths reduction of Appellee's supplemental income benefits.[4]

---

4. When considering cross-motions for summary judgment in which both parties have sought final judgment relief, a court of appeals may reverse and render the judgment that the trial court should have rendered. *CU Lloyd's of Tex. v. Feldman,* 977 S.W.2d 568, 569 (Tex.1998); *Agan,* 940 S.W.2d at 81.