Reversed and Rendered and Opinion filed June 28, 2005









Reversed and Rendered and Opinion filed June 28, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00320-CV

____________

 

KENNETH BARCHUS, Appellant

 

V.

 

STATE FARM FIRE
& CASUALTY COMPANY, Appellee

 



 

On Appeal from the County
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 792,184

 



 

O P I N I O N

Appellant, Kenneth Barchus, appeals the
trial court=s judgment in favor of appellee, State
Farm Fire & Casualty Company, in his appeal from the Texas Workers= Compensation
Commission=s (the ACommission@) decision denying
him lifetime income benefits for a work-related injury sustained in 1995.  We reverse and render judgment that Barchus
is entitled to lifetime income benefits. 









On February 11, 1995, Barchus was on his
way to the bank to make a deposit in the course and scope of his employment for
Barchus Barber Shop when he fell and struck his head.  Barchus sustained post-traumatic encephalopathy,
a traumatic brain injury.  After his
initial income benefits were exhausted, Barchus sought lifetime income benefits
(ALIBs@) under the Texas
Workers= Compensation Act (Athe Act@).  See Tex.
Lab. Code Ann. ' 408.161 (Vernon Supp. 2004B05).  

A hearing was held before a hearing
officer, who determined that Barchus was not entitled to LIBs.  Barchus appealed the hearing officer=s decision to a
Commission appeals panel, which affirmed the hearing officer=s decision.  Barchus appealed the Commission panel=s decision to the
trial court.  After a bench trial, the
trial court entered a final judgment that Barchus was not entitled to recover
LIBs under the Act.  

Section 408.161 provides the circumstances
under which a claimant is entitled to receive LIBs.  Tex.
Lab. Code Ann. ' 408.161. 
The version of section 408.161(a)(6) that was in effect at the time
Barchus sustained his injuries in 1995, provided LIBs for 

an injury to the skull
resulting in incurable insanity or imbecility.

Act
of May 22, 1993, 73rd Leg., R.S., ch. 269, ' 1, 1993 Tex. Gen.
Laws 1188, amended by Act of June 20, 1997, 75th Leg., R.S., ch. 1443, ' 7, 1997 Tex. Gen.
Laws 5524 (emphasis added).  Section
408.161(a)(6) was amended in 1997.  Id.  The current version of section 408.161(a)(6)
provides for LIBs for 

a physically traumatic injury to the brain resulting
in incurable insanity or imbecility.

Tex. Lab. Code
Ann. ' 408.161(a)(6) (emphasis added).  The current version of section 408.161(a)(6),
therefore, omits the requirement that the claimant must suffer an injury to the
skull and, instead, requires a physically traumatic injury to the brain.  Both versions require that the claimant=s injury result in
incurable insanity or imbecility. 
Because Barchus was injured in 1995, he was subject to the pre-1997
version of section 408.161(a)(6).  

In its findings of fact, the trial court
found, among other findings, that: 

4.       As a result of the February 11, 1995
incident, Plaintiff did not fracture the bony structure of his
skull.  








5.       As a result of the February 11, 1995
incident, Plaintiff did sustain an injury to the skull structures,
including and causing damage to the brain. 


                                                    *        *       
*

7.       As
a result of the February 11, 1995 incident, Plaintiff suffered Aincurable insanity
or imbecility@ within the meaning of Tex. Lab. Code
Section 408.161(a)[6].[1]  

In its conclusions of law, the trial court
stated, among other conclusions, that:

2.       Plaintiff did not suffer an injury to his
skull within the meaning of the pre-1997 version of Tex. Lab. Code ' 408.161(a)(6).  According[ly], Plaintiff Kenneth Barchus is
not entitled to lifetime income benefits.

3.       Pursuant to Texas Workers= Compensation Commission Appeals
Panel, Appeal No. 951336 (See, 1995 WL 571372), an Ainjury to the skull@ requires a fracture of the bony
structure of the skull.

                                                    *        *       
*

6.       Despite
the Court=s finding that the injury resulted in
incurable insanity or imbecility, the Court concludes that such injury did not
rise to the level of an Ainjury to the skull@ as required by
the pre-1997 version of Tex. Lab. Code Section 408.161(a)(6).

Thus, while finding that Barchus had
sustained an injury to the Askull structures@ and suffered from
Aincurable insanity
or imbecility,@ the trial court concluded that Barchus
was required to show that he had sustained a fracture to his skull in
order to satisfy the Ainjury to the skull@ requirement so as
to be entitled to LIBs under the pre-1997 version of section 408.161(a)(6). 








State Farm asserts that Barchus argues on
appeal that the Askull@ and the Abrain@ are the same or
interchangeable.  We observe that the Askull@ and the Abrain@ are not the same.[2]  However, Barchus does not contend that Askull@ and Abrain@ are the same, but
that an Ainjury@ to the skull is
required under the statute, not a Afracture@ of the
skull.  Therefore, the crux of the dispute
in this case is whether the pre-1997 version of section 408.161(a)(6) requires
a fracture of the skull to satisfy its requirement that there be an Ainjury to the
skull@ to be entitled to
LIBs.  

Statutory construction is a question of
law subject to de novo review.  Texas
Dep=t of Transp. v. Needham, 82 S.W.3d 314,
318 (Tex. 2002); Bragg v. Edwards Aquifer Auth., 71 S.W.3d 729, 734 (Tex.
2002).  In construing a statute, our
objective is to determine and give effect to the Legislature=s intent as
expressed in the words of the statute.  In
re Entergy Corp., 142 S.W.3d 316, 322 (Tex. 2004); City of San Antonio
v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003).  In determining the Legislature=s intent, we may
consider other matters such as the objective of the law, legislative history,
and consequences of a particular construction. 
Warner v. Glass, 135 S.W.3d 681, 684 (Tex. 2004) (per
curiam).  When the statute=s meaning is
unambiguous, we interpret it according to its plain language.  In re Entergy Corp., 142 S.W.3d at
322; City of San Antonio, 111 S.W.3d at 25.  The court A>will not give an
undefined statutory term a meaning that is out of harmony or inconsistent with
other provisions of the statute.=@  Warner, 135 S.W.3d at 684 (quoting McIntyre
v. Ramirez, 109 S.W.3d 741, 745 (Tex. 2003)).  








Whether or not the statue is ambiguous, we
may consider, among other matters, the administrative agency=s construction of
the statute.  Tex. Gov=t Code Ann. ' 311.023(6) (Vernon 2005).  If the construction given to a statute by the
agency charged with its enforcement is reasonable and does not contradict the
plain language of the statute, then it is entitled to serious consideration.  Continental Cas. Co. v. Downs, 81
S.W.3d 803, 807 (Tex. 2002); see also FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 883 (Tex. 2000) (AAlthough we defer
to administrative interpretations of legislation, we do so only when they are
reasonable interpretations.@).  However, even then, an agency=s interpretation
is a legal determination that is not binding on the courts, and no presumption
of validity attaches to it.  Insurance
Co. of State of Pennsylvania v. Moore, 43 S.W.3d 77, 82 (Tex. App.CFort Worth 2001,
no pet.).  An administrative construction
will not control over the clear and express provisions of a statute, no matter
how long it has been applied.  Liberty
Mut. Ins. Co. v. Montana, 49 S.W.3d 599, 601 (Tex. App.CFort Worth 2001,
no pet.).  

The primary purpose of the Texas Workers= Compensation Act
is to benefit and protect injured employees. 
National Union Fire Ins. Co. v. Burnett, 968 S.W.2d 950, 957
(Tex. App.CTexarkana 1998, no pet.).  Thus, the Act should be construed liberally
in the worker=s favor. 
Lujan v. Houston Gen. Ins. Co., 756 S.W.2d 295, 297 (Tex. 1988); Yeldell
v. Holiday Hills Retirement & Nursing Ctr., 701 S.W.2d 243, 245 (Tex.
1985).  

A Commission appeals panel decision
addressed the pre-1997 version of section 408.161(a)(6).  See Tex. Workers= Comp. Comm=n, Appeal No.
951336, 1995 WL 571372 (Sept. 20, 1995). 
In that case, the claimant sustained an electrocution injury causing
portions of his brain to die after his truck, which he was driving with his
left arm resting on the door with the window open, had been struck by
lightning.  Id. at *2.  The appeals panel observed there was no
evidence that the claimant had sustained a blow to his skull, or any injury to
the skull.  Id. at *6.  The appeals panel concluded that under either
a plain or technical interpretation of the pre-1997 version of section
408.161(a)(6), Aonly insanity or imbecility resulting from
an injury which also involves the skull is currently eligible for LIBS.@  Id. 








In concluding that Barchus was required to
establish that he had suffered a fracture of his skull, the trial court relied
on the 1995 Commission appeals panel decision. 
The issue in that case, however, was whether brain injuries resulting in
incurable insanity and imbecility, but not involving any injury to the skull,
entitled the claimant to LIBs.  Id.
at *6B7.  In that case, there was no Ainjury to the
skull,@ and, therefore,
the claimant was not entitled to LIBs.  Id.[3]  Nowhere in that decision does the Commission
appeals panel require a Afracture@ of the
skull.  Other Commission decisions have
similarly considered whether the claimant had the requisite Ainjury to the
skull@Cnot whether a Afracture@ to the skull was
sustainedCor if there were an injury to the skull,
whether such injury resulted in incurable insanity or imbecility.[4]  However, a later Commission appeals panel
decision affirmed the denial of LIBs, specifically noting that the claimant
failed to produce Amedical evidence of a skull fracture or
other damage or harm to the skull.@  Tex. Workers= Comp. Comm=n, Appeal No.
012250, 2001 WL 1472175, at *1 (Oct. 31, 2001). 









The pre-1997 version of section
408.161(a)(6) of the statute clearly has two requirements: (1) an injury to the
skull, (2) which results in insanity or imbecility.  However, we do not believe that Ainjury to skull@ demands a Afracture of the
skull.@  The Act broadly defines the term Ainjury@ as Adamage or harm to
the physical structure of the body and a disease or infection naturally
resulting from the damage or harm.  The
term includes an occupational disease.@  Tex.
Lab. Code Ann. ' 401.011(1) (Vernon Supp. 2004B05).  To read into the statute a more narrow
requirement that a claimant must suffer a fracture to the skull is inconsistent
with the plain language of the statute. 
If the Legislature had intended to specify that a claimant must sustain
a fracture of the skull, rather than a more broadly defined Ainjury,@ it could have
done so.  

To the extent the Commission has concluded
that a claimant must show evidence that he fractured his skull to be entitled
to LIBs, we find that such conclusion is inconsistent with the plain language
of the statute.  Therefore, it was error
for the trial court to conclude that Barchus did not satisfy the Ainjury to the skull@ requirement
because he did not suffer a fracture of his skull.  We sustain this issue.  

The trial court found that Barchus Adid sustain an
injury to the skull structures,@ and that he Asuffered >incurable insanity
or imbecility= within the meaning of Tex. Lab. Code
Section 408.161(a)[6].@ 
These factual findings have not been challenged on appeal.  Accordingly, we reverse the judgment of the
trial court and render judgment that Barchus is entitled to LIBs for the injury
he sustained on February 11, 1995.  

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

 

Judgment
rendered and Opinion filed June 28, 2005.

Panel
consists of Chief Justice Hedges and Justices Hudson and Frost.











[1]  Emphasis
added.  





[2]  The brain is
defined as AThe portion of the central nervous system (CNS)
located within the skull that is responsible for the coordination and control
of all vital activities . . . .@  American Jurisprudence Proof of Facts, 3d
Series, Attorney=s Illustrated Medical
Dictionary B32 (2002).  The skull is defined as AThe bony framework of the head; includes the bones
encasing the brain and the bones of the face.@  Id. at S37.  





[3]  This very
issue was addressed by the Legislature when it amended the statute after the
1995 appeals panel decision.  The Senate
debate, in part, on the amendment reflects the change:

Sen. Barrientos:  Mr. President, Members, one of the provisions
of the bill that was to address a problem case that exists now arose in the
lifetime income benefits.  A worker had
brain damage from an electrocution, but because the statu[te] requires an
injury to the skull, lifetime benefits were denied.  This amendment addresses that case by
changing an injury to the skull to a physically traumatic injury to the brain.  And that language will insure that those
whose condition would otherwise qualify for lifetime benefits will not be
denied those benefits [because] there was not a blow to the skull. . . 

Sen. Ratliff:  Sen. Barrientos, you and I have - and our
staffs have worked together on this and the amendment will be acceptable.  We=re
talking about a brain injury that is the result of a traumatic injury and so
the amendment is acceptable.

Debate on Tex. H.B. 3522 on the Floor of the Senate,
75th Leg., R.S. (May 22, 1997). 





[4]  See, e.g.,
Tex. Workers= Comp. Comm=n,
Appeal No. 030324, 2003 WL 21234967, at *2 (Apr. 2, 2003) (reversing award of
LIBs where although claimant had established injury to skull, evidence
established it was trauma to brain, not injury to skull that led to his mental
deterioration); Tex. Worker=s Comp. Comm=n,
Appeal No. 011856, 2001 WL 1344697, at *2 (Sept. 25, 2001) (reversing hearing
officer=s finding that claimant had met burden for injury to
skull, instead, concluding that such finding was against overwhelming weight of
evidence as to be clearly wrong or manifestly unjust where there was no
specific diagnosis of injury to claimant=s skull
or other physical damage to bony structure); Tex. Workers= Comp. Comm=n,
Appeal No. 992869, 1999 WL 1567551, at *3 (Feb. 4, 2000) (affirming denial of
LIBs and finding evidence supported hearing officer=s factual findings that claimant did not sustain
injury to his skull in his fall at work, and that while claimant did not suffer
from imbecility, he was insane, but that his insanity was not incurable).